ANDREW CRAWFORD

*v.*

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

*Filed at Ottawa September 27, 1884.*

1. NOTICE—*what constitutes notice to purchaser—of matters to put one on inquiry.* Anything which apprises a purchaser of land or an incumbrancer that a particular person claims the property, or an interest in it, makes it the duty of the former to pursue that notice to its source, and make inquiry of the person claiming such ownership, and failing to do so, he will be chargeable with all he would have learned had he pursued and investigated the matter to the full extent to which it led. It is not required that he must have full, complete and accurate information of the nature, extent, and all the particulars of the prior incumbrance.

2. SAME—*record of an agreement to sell—notice of prior incumbrance by recitals in such agreement.* The owner of lots, after having given a trust deed thereon to secure the sum of $125,000, being the purchase money, executed his written agreement for the sale of the same to another, which recited that the sale was subject to an incumbrance of $130,000, due in four years, from "October next, with interest at seven per cent, payable semi-annually." The contract of sale was duly recorded. The incumbrance recited therein, was described as that created by the trust deed in all things except in the omission of the name of the person for whom it was given, and was for a larger sum: *Held,* that the record of this agreement of sale was notice to a subsequent purchaser, of the prior incumbrance created by the trust deed, although the latter was not recorded, the recitals in the agreement being sufficient to put the purchaser on inquiry.

3. SAME—*notice by possession through tenant.* The possession of a lot by a tenant of a party whose debt is secured by deed of trust on the same, is notice to all subsequent purchasers or incumbrancers of the rights of the prior incumbrancer.

4. PRACTICE—*when specific objection must be made—as to admissibility of secondary evidence.* A general objection to documentary evidence goes alone to its pertinency, and under such an objection the party will not be allowed, on appeal or error, to urge the specific objection that the execution of a written agreement was not proved, nor the foundation laid to authorize a copy from the record to be read. Such objections must be specifically made on the trial, so as to afford an opportunity of obviating the same.

5. CLOUD UPON TITLE—*sale under a judgment which has been satisfied—as against a purchaser under prior incumbrance.* Where a judg-

ment has been fully satisfied, and afterwards assigned, and the assignee had knowledge of the fact that the judgment had been paid when he took the assignment, and also had actual notice of a prior unrecorded trust deed, his deed to the property thus incumbered, derived under a levy and sale under execution issued on the judgment, will be set aside in equity as a cloud on the title of a purchaser derived through a foreclosure of the trust deed

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a bill in chancery, filed by the Chicago, Burlington and Quincy Railroad Company, against Andrew Crawford and the First National Bank of Geneseo, and others, for the purpose of removing an alleged cloud upon the title of complainant to certain real estate derived under the foreclosure of a trust deed. The alleged cloud was a sale and sheriff's deed, under a judgment against a holder of the legal title, recovered before the recording of the trust deed, and the grounds for relief were, both actual and constructive notice to the judgment creditor of the deed of trust at the time of the rendition of the judgment, and to the purchaser, and the charge that such judgment had been fully paid and satisfied before the levy and sale, and that the purchaser at the sheriff's sale had notice of such satisfaction of the judgment. The court, by its decree, found that long before the date of the sheriff's levy and sale, said judgment had been fully paid and satisfied, and it was not a valid and subsisting judgment, and that prior to the entry of said judgment, and thereafter, the Bank of Geneseo and the said Crawford had both actual and constructive notice of the existence of the deed of trust under which complainant derived title, and ordered that the levy, sale and deed made under the execution be set aside as a cloud upon complainant's title. From this decree Crawford appealed to this court, and asks a reversal. The other material facts are stated in the opinion of the court.

Mr. W. T. BURGESS, for the appellant:

The contract for·the sale of the lots by Young to Sea, and its record, was not notice of the prior trust deeds· given by Young, as it did not fully describe the incumbrance. It does not agree in amount of the debt, and it does not appear by or to whom made.

The original of this contract was not offered, nor its absence accounted for, nor any attempt made to do so. It was objected to, and admitted subject to objection. It was therefore evidence of nothing.

The evidence fails to show a satisfaction of the judgment. At least $1500 of the judgment was owned by the appellant, and he had a right to enforce it to that extent

It does not lie in the mouth of the railroad company·to say that Crawford is estopped from setting up his title. He did no act to deceive them or lull them into security. *Powell* v. *Rogers*, 105 Ill. 318; *Davidson* v. *Young*, 38 id. 146.

The possession of Walker's tenant, after Walker had sold the notes secured by the trust deed, and had no interest in the land, was not notice of the trust deed; and, under *Kerfoot* v. *Cronin*, 105 Ill. 609, the recitals in the trust deed to Scammon afforded no notice to any one. The *laches* of the complainant bars it from any relief.

Messrs. DEXTER, HERRICK & ALLEN, for the appellee:

The contract to Sea was made by Young,· under whom appellant claims, and its recitals were notice that the lots covered by it, including lot 24, were subject to an aggregate incumbrance of $130,000, payable in four years, with seven per cent interest, from October, 1874. Inquiry of Young would have led to the disclosure of the facts. It is well settled that purchasers and creditors are chargeable with constructive notice of the recitals of all instruments appearing in their chain of title. *Jones* v. *Williams*, 24 Beav. 47;

*White* v. *King*, 42 Ill. 510; *Bellows* v. *Floyd*, 2 Watts, 401;
*Hatch* v. *Bigelow*, 39 Ill. 546.

The objection that the paper was secondary evidence, was
one that could have been obviated by proof; and it is well
settled that such an objection is not preserved by a general
objection to the evidence.    *Walsh* v. *Wright*, 101 Ill. 178;
*Moore* v. *Wright*, 90 id. 470; *Board, etc.* v. *Taft*, 7 Bradw.
571.

The possession of a party is notice of his rights, as mort-
gagee or otherwise.    *Brainard* v. *Hudson*, 103 Ill. 218; *Ford*
v. *Marcall*, 107 id. 136; *White* v. *White*, 89 id. 460.    And·
it is equally well settled that possession by a tenant is, in
law, notice of the landlord's title, the same as if the landlord
was himself in possession.    *Pitman* v. *Gaty*, 5 Gilm. 186;
*Whitaker* v. *Miller*, 83 Ill. 381; *Franz* v. *Orton*, 75 id. 100;
*Smith* v. *Jackson*, 76 id. 254; *Ford* v. *Marcall*, 107 id. 136;
Wade on Notice, secs. 284–287.

Hence it has been held that if a grantor remains in pos-
session by his tenant after conveyance by absolute deed, the·
possession of the tenant is notice of any rights of the grantor
in the land.    *Ford* v. *Marcall*, 107 Ill. 136; *Smith* v. *Jackson*,
76 id. 254.

Appellant had actual notice of the trust deed, and the
judgment had been fully satisfied at the date of the levy.

So far from appellee having been guilty of *laches*, the con-
duct of appellant was such as to estop him from asserting
title as against appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On October 1, 1872, Samuel J. Walker conveyed to Joseph
E. Young lots numbered from 20 to 31, inclusive, of block
11, Walker's dock addition to Chicago.   The consideration
named was $125,000, to secure the payment of which, Young
gave his notes for. $10,000 for each lot, except No. 20, for

which he gave a note for $15,000. He executed a deed of trust on each lot for $10,000, except lot 20, on which he executed a trust deed for $15,000, its price. The deeds of trust were executed to J. Y. Scammon. There being default in payment, sales were made under the several trust deeds, at different dates, and to several persons. On the 14th of July, 1880, those purchasers conveyed the lots to James M. Walker, solicitor of the Chicago, Burlington and Quincy Railroad Company, the consideration being paid by the company. The executrix of Walker, after his death, quitclaimed the lots to the company, and it entered into possession. The deed of trust on lot 24 was not recorded until the 12th of March, 1879; but at the date of the trust deed from Young to Walker the latter was in possession by a tenant, who occupied the lot as a brick-yard. The tenant continued to hold under Walker until the possession was surrendered to the railroad company. There was also a contract given by Young, and of record, which is claimed to have been notice of Walker's rights, to all persons. On the 4th of March, 1874, the First National Bank of Geneseo recovered a judgment against Young and Henry Crawford, in the Superior Court of Cook county, for $6402.92, on four notes the bank held against them. Andrew Crawford was a director, and president of the bank. A few months before, he had removed to Chicago, and was acting as the agent of the bank at the time the judgment was recovered under his direction. He caused a *fi. fa.*, an *alias*, and *pluries* to be issued before and on the 4th of March, 1877. They were all returned no property found. No further execution was issued until in February, 1880, when an *alias pluries* was sued out, and levied on lot 24 and other property. On the 31st of May, 1880, the lot was sold, under the execution, to appellant, who paid no money on the purchase, but satisfied the judgment, his bid being the amount of the judgment. The bill alleges the title and possession of the railroad company of the lot, that defendant had both actual and con-

structive notice of the trust deed before he acquired any title to the lot, and the judgment was paid in full and satisfied before the levy was made and the sale had, and concluded with a prayer that appellant's deed be set aside as a cloud on the title of the company. Defendant answered, and a hearing was had on the pleadings and evidence. The court found the issues for the company, and granted the relief sought, and defendant appealed to the Appellate Court, and now to this court.

The questions we propose to consider are, whether appellant, Crawford, had notice, and whether the judgment in favor of the bank was paid before the levy and sale were made, and before he acquired title. The evidence, we think, proves, satisfactorily, both of these propositions in the affirmative. On the 31st of July, 1873, Young agreed, in writing, to convey all these lots to S. W. Sea, subject to an incumbrance of $130,000, due in four years, from "October next, with interest at seven per cent, payable semi-annually." This contract was duly recorded on the 2d of August, 1873. It will be observed that the incumbrance referred to corresponds as to the lots to which it attached, the date of payment, rate of interest, and the time of its payment. It was in all things an accurate and precise description of the incumbrance of these trust deeds, except it does not give the date, nature and amount of the incumbrance. We are aware of no decision that has ever held, that to be a notice to put a party on inquiry he must have full, complete and accurate information of the nature, extent and all of the particulars of the incumbrance. On the contrary, where a person contemplates the purchase of property, and is informed that a particular person claims title, or to hold an incumbrance, such information has been held to charge him with notice of the nature and extent of the claim. It pointed out the source from which accurate information could be obtained. In fact, the rule is, that if anything apprises a purchaser or incum-

brancer that a particular person claims the property, or an interest in it, the former must pursue that notice to its source, and failing to do so, he will be charged with all he would have learned had he pursued and investigated the matter to the full extent to which it led. In this case, appellant must be presumed to have examined the title before the levy and his purchase, and if so, he must have seen this agreement between Young and Sea, and seeing that, he was apprised that the lot was incumbered to a large amount. He was also notified of the sources of information,—that he had only to apply to Young or Sea and learn the precise nature and extent of the incumbrance. It did not matter that the incumbrance was misdescribed as to the amount. It informed him that there was an incumbrance on the lot, and it charged him with notice. Had the agreement stated the incumbrance at less than its true amount, he in all probability would not have been charged beyond the amount stated; but here the incumbrance was stated at more than the claim, unless the interest increased it to the sum named. According to a long line of decisions in this court, too familiar to the profession to require citation, this agreement charged appellant with notice of the debt against this lot, secured by the trust deed, and such notice, as has been repeatedly held, is as effectual as if the trust deed had been duly recorded.

It is, however, urged, that the execution of the agreement was not proved, nor was the proper foundation laid to authorize a copy to be read in evidence. These specific objections were not made in the trial court, and they come too late on appeal or error. It has been so repeatedly held that a general objection to the admission of documentary evidence goes alone to its pertinency, that it must be familiar to the entire profession. The rule may be found frequently repeated from an early date after the organization of the court, and it must be regarded as too firmly established to be disturbed. It is unfair to permit a party to interpose a general objection, and

on error urge specific objections that no doubt would have been at once removed on being interposed. Such objections, to be availing, must be interposed on the trial, so as to afford the party offering them the opportunity to remove them, and not to be entrapped by raising them on appeal for the first time.

But if this was insufficient to charge appellant with notice, he had actual notice. He had the trust deed in his possession, and examined its contents. It clearly appears that at one time S. J. Walker pledged to appellant the notes secured by the trust deeds on lots 22 and 23, as collateral security on indebtedness of Walker. Through some inadvertence, Walker sent him the notes and trust deeds on lots 23 and 24. Appellant discovered the mistake, and they were returned to Walker, who then sent him the trust deed securing the indebtedness on lot 22, thus correcting the mistake. Having possession of the trust deed on lot 24, and finding it was not on lot 22, as agreed, he must have read it to have learned that it was not on lot 22, and in reading it he must have learned that it was on the lot in controversy. There can be no other rational conclusion. There could be no more satisfactory evidence that he had notice, and actual, and not constructive, notice, more certain than by the recording of the deed, and equally accurate.

Again, Jones, Walker's tenant, was in the actual, open and visible possession. Appellant is presumed to have known the fact, and had he inquired of Jones under whom or what title he held, he would have learned he held under Walker. Had he called on him, he would have learned of his claim, its nature and extent. Such occupancy has been repeatedly held to charge a purchaser or incumbrancer with notice, and all that it would lead to, if pursued. Appellant, then, had notice, by the record, of Young and Sea's agreement, by having had actual possession of the deed of trust and by Walker's possession by his tenant,—and all this before and after the

21—112 ILL.

recovery of the judgment under which appellant claims, and also before and at the time of suing out the execution under which the levy and sale were made. The notice charged him with the knowledge of the rights of the railroad company, and those under whom it claims. Their liens were more meritorious, and prior and superior to his.

Without going into a detailed statement of the evidence, we will say it most satisfactorily proves that the judgment was paid before the execution was issued under which the levy and sale were made, and appellant purchased. The evidence shows that appellant sent at one time $1000 as a payment, and it was credited on Young and Crawford's notes to the bank; at another time $500 in the same manner, and for the same purpose, which was also credited thereon. It is true these amounts were not indorsed on the notes, still they were understood by all parties, and treated as payments, and a purchase by appellant of an interest in the notes was not spoken of, or even thought of, at the time. A payment once made can not, as against the interests of third parties, be changed to a purchase or other agreement. Afterward, Henry Crawford, whose name was on the notes, and who, Young claimed, was to pay them, pledged, as security for the judgment, two $500 bonds of the city of Wabasha, and afterwards ten more of like bonds for like sums, all of which were afterwards received in satisfaction of the judgment,—and this was all before the levy, sale and purchase of the property by appellant. Thus it is established that there was nothing due on the judgment when it was assigned to appellant, and he was apprised of that fact when he took the assignment.

In any view of the case, the evidence clearly required the decree, and the judgment of the Appellate Court must therefore be affirmed.        *Decree affirmed.*

Mr. JUSTICE MULKEY: While I concur in the conclusion in this case, I do not approve of all that is said in the opinion.