The Indiana, Bloomington and Western Railway Company v. McBroom.

Filed March 30, 1888.

————————◆————————

No. 13,098.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY *v.* McBROOM.

RAILROAD.—*Right of Way.*—*Purchaser With Notice of.*—*Inquiry.*—Where the purchaser of land has knowledge that a grade for a railroad is constructed thereon, he is put upon inquiry as to the rights of the railroad company, and takes the land subject to all claims and equities of which inquiry would have given him information.

SAME.—*Ejectment.*—*Acquiescence* —In such case, where the land-owner acquiesces for sixteen years after the railroad has been constructed upon the grade, he can not thereafter maintain ejectment.

From the Warren Circuit Court.

*L. Nebeker, H. H. Dochterman* and *C. W. Fairbanks,* for appellant.

ELLIOTT, J.—In January, 1855, Eli Wood was the owner of the strip of land of which the appellee seeks to secure possession by ejecting the appellant. On that day Wood conveyed the land to the New Castle and Danville Railroad Company. This deed was not recorded until September 13th, 1872, and before that time, July 25th, 1859, Wood conveyed the tract of land through which the strip runs to the appellee. Work was done by cutting trees and the like on the strip of ground embraced in Wood's deed to the railroad company as early, at least, as November, 1857. The appellant succeeded to the rights acquired by the New Castle and Danville Railroad Company, and it completed and equipped its railroad from Indianapolis, Indiana, to Peoria, Illinois, in the year 1870, and has operated it since.

The appellee, in his testimony, says: "At the time that Wood conveyed to me there was a strip cut through the timber and there were ditches; I had no doubt but this work was grade for a railroad."

We regard it as quite clear that, upon the uncontroverted facts, the appellee has no right to recover possession of the land, and that is the question before us, for we are not met with any question as to his right to recover compensation.

At the time he bought the land he knew that the grade for a railroad track was constructed, and this was sufficient to put him upon inquiry. *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527; *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 60 Ind. 383.

A person who is about to purchase land upon which a grade for a railroad is constructed is warned that there is some claim of right, and if he fails to make proper inquiry as to the nature of the claim he buys at his peril. A man can not buy property where there are facts known to him sufficient to put him upon inquiry, and hold it free from prior claims or equities of which due inquiry would have given him information. *Wilson* v. *Hunter*, 30 Ind. 466; *Singer* v. *Scheible*, 109 Ind. 575. This familiar and long settled

rule is thus well stated in a recent case: "A party in possession of certain information will be chargeable with a knowledge of all facts which an inquiry suggested by such information, prosecuted with due diligence, would have disclosed to him." *Ellis* v. *Horrman*, 90 N. Y. 466. But in this case we have the further fact that the railroad was completed upon the grade seen by the appellee at the time he bought the land, in 1859, as early as 1870, and that there was acquiescence until March, 1886, when this action was brought. The law is decisively against the appellee. *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Midland R. W. Co.* v. *Smith*, 113 Ind. 233; *Evansville, etc., R. R. Co.* v. *Nye*, 113 Ind. 223.

