Porter *v.* The Midland Railway Company.

Filed Oct. 18, 1890.

No. 14,498.

PORTER *v.* THE MIDLAND RAILWAY COMPANY.

RAILROAD.—*Street.*— *Wrongful Construction of Track Upon.*—*Abutting Owner.* — *When Ejectment or Injunction may be Maintained.*—*Estoppel.*—An abutting owner may maintain an action against a railroad company, which wrongfully builds its track upon the street, and where there is no waiver or estoppel he may maintain ejectment or injunction.

SAME.—*Acquiescence.*—*Action for Damages.*— *When Must be Brought.*—*Limitation of Action.*—But where such owner stands by, without objecting, until the rights of the public and third parties have intervened, he may maintain neither ejectment nor injunction, but may resort to an action for damages.   The action for damages for the injury to the property by the wrongful occupancy must be brought within six years from the completion of the grade, or it will be barred by the statute of limitations which limits to six years actions for injuries to real property.

From the Montgomery Circuit Court.

. *L. J. Coppage*, for appellant.

*H. Crawford* and *T. F. Davidson*, for appellee.

ELLIOTT, J.—The material questions in this case arise upon the ruling of the trial court awarding the appellee judgment upon the special verdict.   The facts contained in the verdict are these:  On the 2d of April, 1872, the board of trustees of the town of Ladoga adopted a resolution licensing the Anderson, Lebanon and St. Louis Railroad Company to construct a railroad track along a street in the town, upon which street the appellant was an abutting owner.   In the year 1873, the company named constructed a grade along the street, and for that purpose dug excava-

tions and built embankments. The grade was visible and was part of a continuous line. In November, 1875, the company named conveyed all its property and franchises by mortgage, and this mortgage was duly foreclosed by a decree of the circuit court of the United States for the District of Indiana. On this decree a sale was made to the appellee and a deed duly executed to it in July, 1885. The grade remained without substantial change until September, 1887, and the appellee constructed its track upon the grade during that month.

The appellant as the owner of the fee had a right of action against the appellee. It is now well settled by our own decisions that the owner of the fee of a street may maintain an action against a railroad company which wrongfully builds its track upon the street, and the great weight of modern authorities sustains this doctrine. *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178; *Terre Haute, etc., R. R. Co.* v. *Scott*, 74 Ind. 29; *Burkam* v. *Ohio, etc., R. W. Co.*, 122 Ind. 344. *Vide* authorities cited, n. 1, p. 528, Elliott Roads and Streets. Where there is no element of waiver or estoppel, the owner of the fee may maintain ejectment, or he may have equitable relief by injunction in the proper case. *Terre Haute, etc., R. R. Co.* v. *Rodel*, 89 Ind. 128; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581 (*vide* authorities cited p. 582); *Midland R. W. Co.* v. *Smith*, 113 Ind. 233. But where he stands by without objecting until the rights of the public and of third parties have intervened, it is held, upon the ground of public policy, that he can not recover the possession of the land nor maintain injunction. *Midland R. W. Co.* v. *Smith, supra; Indiana, etc., R. W. Co.* v. *Allen, supra; Louisville, etc., R. W. Co.* v. *Beck*, 119 Ind. 124; *Midland R. W. Co.* v. *Smith, post*, p. 509; *Strickler* v. *Midland R. W. Co., ante*, p. 412. In this case the grade constructed in 1873 was notice to the appellant that the appellee's predecessor claimed the right to construct a railroad track upon the street, as the licensee of the municipal cor-

poration, for the character of the work was such as to impart notice. *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527; *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 60 Ind. 383; *Indiana, etc., R. W. Co.* v. *McBroom*, 114 Ind. 198. The appellant, therefore, had notice as early as 1873 that a railroad company intended to construct a track upon the street, and knew that it had prepared the grade for that purpose, and it is too late for him to maintain ejectment or secure an injunction. His silence and inactivity did more than impair his remedy, it destroyed his right of action for possession as well as for injunction.

It does not follow that because the appellant can not sue for an injunction, or maintain an action of ejectment, he is remediless; on the contrary, as is clearly indicated in several cases, and directly decided in one case at least, he may maintain an action for damages. *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Strickler* v. *Midland R. W. Co., supra.* In *Indiana, etc., R. W. Co.* v. *Allen, supra*, it was said : " We do not controvert the doctrine that acquiescence will not preclude a recovery of damages; that we affirm to be the true doctrine. Unless prolonged until the statute of limitations has run, an action for damages will lie ; after that period, however, it is conclusively presumed that the damages have been paid." (*Vide* p. 584). This doctrine is sustained by the cases of *Rusch* v. *Milwaukee, etc., R. W. Co.*, 54 Wis. 136 ; *Evans* v. *Missouri, etc., R. W. Co.*, 64 Mo. 453. If the appellant had brought this action before the statute of limitations had run, we have no doubt that he would be entitled to recover damages for the injury to his property.

It is evident, from what has been said, that the only right of action which the appellant is in a situation to assert, is one for injury to property. He can not recover the property itself, nor can he have an action on a contract, for there is no contract ; so that if he has any right of action at all, it must be for the injury to him as the owner of the fee. This

injury consists in making a wrongful use of the land, and his right of action is for the damages resulting from that wrong. It was, therefore, correctly held in *Strickler* v. *Midland R. W. Co., supra,* that the six years' statute is the one which rules the case.

It can not be successfully contended that .each day's continuance of the wrong gave a fresh cause of action, for the occupancy of the street was for a permanent purpose, and of this purpose the acts done under the license from the town gave full notice. Where there is an occupancy of a street for. a permanent purpose, as for the purpose of building and operating a railroad, the abutting owner can not maintain an action for each day's occupancy. The case is entirely different from one wherein the wrong is a mere fugitive or temporary trespass, or a mere entry, without color of right, for the work undertaken was in its nature permanent, and there was color of right under the license granted by the municipality. If a railroad company could be sued for each day's occupancy the burden imposed upon it would be a grievous one, which no principle of justice would justify. If the property-owner, by one action, can recover all the damages he suffers, he secures all that justice can award, and the railroad company is compelled to pay all that equity demands. The doctrine that successive actions can not be maintained in such cases as this, and that the property-owner must recover once for all, has been again and again asserted by this court. *White* v. *Chicago, etc., R. R. Co.,* 122 Ind. 317 ; *City of Lafayette* v. *Nagle,* 113 Ind. 425 ; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 308 ; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542 ; *City of North Vernon* v. *Voegler,* 103 Ind. 314 ; *Burrow* v. *Terre Haute, etc., R. R. Co.,* 107 Ind. 432 ; *Montmorency G. R. Co.* v. *Stockton,* 43 Ind. 328 ; *Lafayette, etc., Co.* v. *New Albany, etc., R. .R. Co.,* 13 Ind. 90 (74 Am. Dec. 246). The decisions of other courts assert the same doctrine. *Vide* authorities cited in note 1, p. 199, Elliott Roads and Streets.

The rule that a property-owner must recover once for all does not preclude him from recovering damages for injuries resulting to his property from negligence in operating the railroad, for the abutter's right of action for damages caused by culpable negligence in operating a railroad rests upon an entirely different ground from that upon which rests the right of action for injury to his property by the wrongful entry. *White* v. *Chicago, etc., R. R. Co., supra.* A railroad company, which obtains the privilege of using a street, and pays damages to the abutting owner, secures a right to use the street in a reasonable and necessary manner, but it does not secure a right to use it in a culpably negligent manner, to the injury of abutting property. But there is here no question as to the mode in which the appellee operated its railroad, for the single question is as to the right of the appellant to recover for the injury done to his property by the wrongful occupancy of the street upon which it abuts, so that the case comes within the rule that the abutting owner must recover once for all, and falls within the statute limiting the time within which actions for injuries to property shall be brought.

In holding, as we did in *Strickler* v. *Midland R. W. Co., supra,* and as we do here, that the appellant's right of action is barred by the six years' statute, we are supported by adjudged cases, which assert that where no claim is made within the period of limitation it is conclusively presumed to have been paid. *Midland R. W. Co.* v. *Smith, supra; Blair* v. *Kiger,* 111 Ind. 193; *Brookville, etc., Co.* v. *Butler,* 91 Ind. 134. *Vide* authorities cited note 4, p. 206, Elliott Roads and Streets. If it be just to presume payment of compensation in one case so it must be in all cases of like character. The presumption must be made or else the long settled rule that statutes of limitations are statutes of repose must be disregarded.

The decision of the trial court must be sustained, upon the ground that the facts stated in the special verdict show that

the appellant's right of action is barred by the statute of limitations.

