[Sac. No. 4926. In Bank.—August 26, 1935.]

HARRY A. MARCH, Appellant, v. JOSEPH PANTALEO et al., Respondents.

Bush & Cleary for Appellant.

Griffin & Boone and Edward T. Taylor for Respondents.

LANGDON, J.—This is an action to quiet title to a ranch near Riverbank, California. Vito Clarizio was the owner of the property prior to the transactions which led to the present controversy. He had previously, in 1925, borrowed money from plaintiff March, and given a deed of trust to

.secure the loan. A reconveyance of the property was made, and on December 14, 1930, Clarizio executed a new deed of trust to plaintiff, to secure a loan of $650. The first of these deeds of trust was recorded, and the satisfaction and reconveyance thereof also appeared of record. The subsequent instrument was not recorded until much later.

In August, 1931, Clarizio retained defendant Edward T. Taylor of the law firm of Griffin & Boone to defend him on a criminal charge and agreed to the transfer of his ranch for the attorney's fee. Accordingly, on August 21, 1931, Clarizio executed a deed to defendant Griffin. The defendant Pantaleo purchased the property from Griffin, giving a deed of trust for the $800 balance and receiving a quitclaim deed from Griffin dated September 1, 1931. Clarizio gave Pantaleo a grant deed dated the same day.

On September 12, 1931, at 9 A. M., the deeds from Griffin to Pantaleo and from Clarizio to Pantaleo were placed on record. At 9:58 A. M. of the same day the prior deed of trust from Clarizio to plaintiff March was recorded.

Thereafter plaintiff March proceeded to sell the property under his deed of trust, and purchased at the trustee's sale. The present action followed, and the trial court gave judgment for the defendants, holding that defendant Griffin had purchased the property from Clarizio on August 21, 1931, for valuable consideration, without knowledge of any prior rights therein. Plaintiff brings this appeal. It is stipulated that the sale under the deed of trust was regular, and that defendants Taylor, Griffin and Boone were associated in the transaction and are bound by any notice or knowledge acquired by defendant Taylor.

■ The deed of trust to plaintiff March was prior in time, and would be prior in right save for the failure to record it. It is conceded that the deed to Griffin was first recorded, and that at the time of said recordation, no prior conveyance or encumbrance appeared of record. But Griffin's right is superior to plaintiff's only if Griffin is a *bona fide* purchaser, for the recording acts protect the subsequent purchaser who gives value before he has any notice, actual or constructive, of prior equities. (*Bell* v. *Pleasant,* 145 Cal. 410 [78 Pac. 957, 104 Am. St. Rep. 61]; *Chapman* v. *Ostergard,* 73 Cal. App. 539 [238 Pac. 1081]; *Whitney* v. *Sherman,* 178 Cal. 435 [173 Pac. 931]; *Olson* v. *Cornwell,* 134 Cal. App. 419 [25 Pac. (2d)

879] ; *Ocean Shore R. R. Co.* v. *Spring Valley Water Co.,* 218 Cal. 86 [21 Pac. (2d) 588].) The question is, therefore, whether Griffin had either actual notice of plaintiff's prior claim, or constructive notice thereof by reason of facts sufficient to put him on inquiry, before he gave value, that is, before his law firm undertook the obligation to defend Clarizio. If he had none, then his title is good as against plaintiff, and defendant Pantaleo, his transferee, will likewise take a title superior to that of plaintiff, under the rule that a *bona fide* purchaser may clothe his transferee with a good title, regardless of whether the transferee had notice. (See *Los Angeles Inv. Co.* v. *Torchia,* 106 Cal. App. 21 [288 Pac. 810].)

The record shows that Taylor had several conversations with Clarizio during the month of August, 1931, with respect to putting up the ranch as a fee. As to one of these conversations, which took place on or about August 19th, Taylor testified: ''I asked him if he had ever borrowed any money on it, if he owed any money on it. . . . He said he had borrowed money from Mr. March, the barber. I asked him when, and he says he didn't know exactly. I said: 'Well, never mind that,' I would look it up in the records.'' Taylor also testified that he had asked Clarizio if he had ever borrowed any money from anybody except March, and Clarizio said that he had not. Thereupon Taylor searched the records, found the March deed of trust of 1925, then the satisfaction thereof and the reconveyance. There being no further record of encumbrances on the property, Taylor concluded that it was clear.

In view of the finding of the trial court that Griffin was a *bona fide* purchaser without notice, we cannot say that Taylor's action was, as a matter of law, unreasonable. Clarizio mentioned but one mortgage and one creditor. The records showed that this obligation had been satisfied and discharged. Further inquiries by Taylor were not, under these circumstances, necessary.

The judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.