[L. A. No. 18685. In Bank. Mar. 29, 1944.]

EDWARD M. JONES, Respondent, v. INDEPENDENT TITLE COMPANY et al., Defendants; RAE L. SINCLAIR, Appellant.

William G. Condron for Appellant.

Alfred L. Larsen and Harry H. Parsons for Respondent.

SCHAUER, J.—Defendant Sinclair (hereinafter referred to as the defendant) appeals from a judgment in a quiet-title suit whereby the trial court, sitting without a jury, decreed that plaintiff was possessed of a lien on certain land in San Bernardino County, apparently securing a debt in the sum of $1,000, together with interest thereon at the rate of 7 per cent per annum from May 5, 1939, and that such lien is superior to a lien possessed by the defendant, likewise to secure an indebtedness of $1,000 with interest, and evidenced by a deed of trust. The plaintiff's rights accrued by virtue of a deed to him from a predecessor in interest to whom the land had been conveyed by a deed absolute in form but found by the trial court to have been intended as a mortgage. The defendant's trust deed was executed prior to the deed to plaintiff's predecessor and was recorded prior to the deed to plaintiff but subsequent to recordation of the deed to his predecessor. We have concluded that the trial court must be sustained in its determination of the respective rights of the two claimants.

The pertinent facts, as found by the trial court, are as follows:

On or about December 21, 1936, one W. C. Simpson, the

then owner of the land, executed and delivered to defendant a trust deed on the land to secure a $1,000 promissory note from Simpson to defendant. The trust deed was not recorded until March 15, 1940. In the meantime, by a grant deed dated May 5, 1939, and recorded September 29, 1939, Simpson conveyed the same land to one N. H. Collins as security for a loan of $1,000 from Collins to Simpson; at the time of such conveyance Collins had no notice or knowledge of the trust deed held by defendant. The trial court found specifically that Collins made and delivered to plaintiff a grant deed dated November 6, 1940, and recorded November 25, 1940, and that "said deed . . . assigned, set over and conveyed to . . . plaintiff . . . all the right, title and interest of . . . Collins in and to . . . [the land involved] and the deed therefor."

Collins, as one in the position of a bona fide purchaser, held an encumbrance on the land superior to that of defendant. (Civ. Code, § 1214; see 25 Cal.Jur. 820-822, §§ 268, 269, and cases there cited; 22 Cal.Jur. 625-626, § 34; 18 Cal.Jur. 114-115, § 421.) Defendant, however, contends that such superiority was lost when Collins conveyed to Jones, and in support of such contention advances two points: (1) that Jones gave no consideration to Collins, and (2) that Jones had notice of defendant's trust deed (by reason of its recordation on March 15, 1940) prior to the conveyance from Collins to Jones (on November 6, 1940). We are of the opinion that neither of these points is material under the circumstances related.

A bona fide purchaser can convey his entire interest or title free and clear of outstanding but undisclosed and unrecorded equities prior in point of time to the claims of such purchaser, even (with one exception which is not involved here) to a transferee or grantee with notice of such equities. See *March* v. *Pantaleo* (1935), 4 Cal.2d 242, 244 [48 P.2d 29] ; *Schelling* v. *Thomas* (1929), 96 Cal.App. 682, 688-689 [274 P. 755] ; *Los Angeles Inv. Co.* v. *Torchia* (1930), 106 Cal.App. 21, 27 [288 P. 810] ; 25 Cal.Jur. 821, § 268, and cases there cited; 63 A.L.R. 1362, et seq.; 66 C.J. 1188, § 1045. In *Whitney* v. *Sherman* (1918), 178 Cal. 435, at page 440 [173 P. 931], this court held that even if the grantee of a bona fide purchaser received the property as a gift he "could rely upon the consideration paid" by his grantor and that, in effect, he "would be sub-

rogated to" the latter's rights. Consequently, whether plaintiff did or did not give consideration to Collins for the deed from Collins to plaintiff is immaterial here, as is also the fact that he had at least constructive notice of defendant's trust deed before receiving the deed from Collins.

No contention is made that the evidence fails to establish that the creditor's property right in the debt itself was conveyed to plaintiff. The sole attack made by appellant on the sufficiency of the evidence to support the findings of fact is directed at the finding that Collins had no notice or knowledge of appellant's trust deed at the time Simpson conveyed to Collins. The only evidence on this matter is the testimony of Collins himself to the effect that "I examined the title and found nothing recorded against it [the land], so then I accepted the property," and that "I asked him [Simpson] if I was buying an obligation. He told me no, it was clear, and I examined the records." Appellant makes no claim that she or anyone else except Simpson was in possession of the land at the time involved. It appears that her attack on the mentioned finding is without merit. Plaintiff took the entire right and interest of Collins in the land involved and, as concluded by the trial court, the encumbrance held first by Collins and then by plaintiff is superior to defendant's trust deed.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.