AMANDA E. IRISH *et al.*

*v.*

CYRUS A. SHARP *et al.*, for use, etc.

89   261
28a   66
28a   124
89   261
40a   581
89   361
56a   195
56a   555

1. PARTIES. *A bill to foreclose a mortgage* should be brought in the name of the equitable owner of the notes, and not in the name of the payee for his use, but the objection that it is brought in the payee's name, should be urged in the court below to afford an opportunity to obviate it by amendment.

2. PURCHASER—*whether chargeable with mortgage of which he has no actual notice.* The record of a mortgage, given by one having only an equitable title under a bond for a deed which is not recorded, is not notice to a subsequent purchaser of the legal title from one in possession of the land, as such purchaser's title is not derived through the title of the mortgagor, and he will not take subject to the mortgage, although it is recorded.

3. Where A, the owner of lots, sold the same to B, giving a bond for a deed upon payment of the notes given for the purchase money, and B sold the same to C, assigning A's bond for a deed, and taking C's notes and mortgage on the lots securing their payment, which mortgage was duly recorded, and C afterwards sold the lots to D by transferring A's bond to him, and A, on the surrender of his bond given to B, made a warranty deed to D for the lots, who took immediate possession, and afterwards sold the property to E, who had no notice of the facts or of the existence of A's bond or that C had been in possession, and paid the purchase money, it was *held* that E was not chargeable with notice of the equitable title of C from the record of his mortgage to D, the bond never having been recorded, and that the mortgage could not be foreclosed as against him. Had E known, when he purchased, that C was in possession when he sold to D, perhaps it would have been his duty to have searched the record and inquired what claim C had to justify his possession.

4. MORTGAGE—*what estate subject to.* Although a bond for a deed to land may provide for a forfeiture for non-payment, yet if the vendor does not declare one, the holder under the bond has such an equitable estate as will pass by mortgage from him.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

Mr. H. P. BUXTON, and Mr. A. H. WHITE, for the appellants.

Mr. F. A. LIETZE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding on the equity side of the circuit court of Clinton county, by bill, wherein Cyrus A. Sharp and Andrew J. Sharp, prosecuting the same for the use of Anthony Hubert, were complainants, and Amanda E. Irish and Noble W. Irish, her husband, were defendants, the object of which was to foreclose a certain mortgage, therein described, executed on July 17, 1868, by Robert G. Moore to complainants to secure the payment of certain notes executed on that day by Moore to the Sharps in payment for lot 1, in block 5, in lower town of Carlyle. The defendants were duly served with process, appeared and answered the bill, and the cause was duly heard on the bill, answers, replication and testimony, and a decree passed, as prayed for, and the premises directed to be sold by the master at public auction, if the amount found due by defendants to complainants was not paid in thirty days after the rendition of the decree. To reverse this decree the defendants appeal, and make several points which we will consider.

The leading facts, as found by the court, are briefly these: One James Wightman, claiming to be the owner of the lot in question, sold the same to Cyrus A. Sharp, on July 15, 1867, taking his two notes for the purchase money, of $125 each, payable, respectively, one and two years after date, with ten per cent interest. Cyrus A. and Andrew J. Sharp entered into possession of the lot, erecting a frame dwelling house thereon, and other improvements, when, on July 17, 1868, they sold the same to the said Robert G. Moore for $500, assigning to him Wightman's bond, and taking from Moore two notes, of $224.50 each, payable in one and two years, securing the payment of the same by a mortgage on the lot, which was duly recorded on July 21, 1868. On April 1, 1869, Moore sold the lot to one Lucius D. Cook, assigning to Cook Wightman's title bond. On July 15, next thereafter, Wightman, upon the surrender by Cook to him of the title

bond he had executed to the Sharps, executed and delivered to Cook a warranty deed for the lot, and destroyed the bond. This deed was duly recorded. Cook took possession immediately on his purchase from Moore, and occupied the premises until October 3, 1872, during which time he paid Hubert, who had bought Moore's notes, the note first due and portions of the second note, he (Cook) being cognizant of Moore's mortgage. On this third day of October, 1872, Cook sold and conveyed the lot to the appellant Amanda E. Irish, who is now in possession of the premises.

The answer of the defendant Amanda E. Irish to the bill of complaint, which her co-defendant adopts, denies all knowledge or notice of the purchase by the Sharps, or of the execution of a bond for a deed by Wightman for the lot, of the Sharps being in possession of the lot, or of the erection by them of a building on the lot, or their assignment of any bond for a deed to them to Moore, or of the execution by Moore of the notes and mortgage to the Sharps, and denies that Moore had any equitable title to the lot, and denies having any notice of any bond for a deed, or of Moore's possession, or of the Sharps selling any claim in the lot to Moore, or of Moore's sale to Cook, or of Cook making any payments on Moore's notes, and alleges that Mrs. Irish purchased the lot of Cook in good faith, for a valuable consideration paid, without any knowledge of the existence of any of the facts alleged in the bill, and denies complainants' and Hubert's equities as against Amanda E. Irish.

Appellants make two points on this appeal: First, are the Sharps proper complainants; and, second, can this mortgage, executed by Moore to the Sharps, be foreclosed so as to affect appellant's title?

As to the first point, to be of avail it should have been made in the circuit court, so that the bill could have been amended by striking out the names of Cyrus A. and Andrew J. Sharp, who have no interest in the controversy, and permitting the cause to proceed in the name of Hubert, the equitable owner

of the notes and mortgage. The proceeding being in a court of equity, the proper mode of bringing the suit would have been in the name of Hubert. *Winkelman et al.* v. *Kiser, for use, etc.* 27 Ill. 21. When such an objection, if made in the circuit court, can be removed, it is the settled doctrine it must be there made, and can not, for the first time, be made in this court.

Upon the other point, it does not appear that Wightman's bond to Sharp was recorded. It will, therefore, be assumed that it was not, and that nothing from Wightman, who was the owner of the fee, appears on the record but his deed to Cook, from whom appellants purchased. It is true, Moore's mortgage to Sharp was on record, but Moore's name did not appear in the chain of title from Wightman. The record showed James Wightman was the owner of the fee, and his deed to Cook,—that was all as respects Wightman.

Now, can it be held that this mortgage of Moore (a stranger, so far as the record discloses, to the title,) shall affect appellants? Can they be charged with constructive notice of Moore's rights? A person desirous of purchasing this lot, would, if he possessed ordinary caution, have gone to the records, and had them examined. What, on the most diligent search, would he have found? Nothing more than this, that James Wightman, owner of the lot, had conveyed the same, by deed, to Cook. The examiner would never have thought of inquiring further. Had it been shown, on the hearing, that appellant knew Moore was in possession of the premises when he sold to Cook, then, perhaps, a duty would have devolved upon appellants to search the record, and inquire what claim Moore had to justify his possession. As it is, there is nothing appearing in this record to show that appellants were put upon inquiry as to Moore's claim and his execution of this mortgage.

It is urged by appellants that Moore had nothing to mortgage—not even an equitable title. It appears, from the testimony of Wightman, that he never had declared a forfeiture,

though there was default in payments.   This being so, Moore had such an equitable estate as would pass by mortgage. *Baker et al.* v *The Bishop Hill Colony*, 45 Ill. 264.   His name, however, does not appear of record in the deraignment of title to the lot.   The majority of the court are of opinion that appellants are not affected by the mortgage—it did not lie in the proper and regular chain of title.   *Manly* v. *Pettee*, 38 Ill. 128; *Dexter* v. *Harris*, 2 Mason, 531.   To decide otherwise would be to hold a purchaser of real estate chargeable with constructive notice of everything which may appear upon the record, and impose upon him the necessity, in order to buy with safety as to title, of the examination of the record of every instrument that is recorded, which would be not only unreasonable, but in most cases wholly impracticable.

The decree is reversed and the cause remanded, with liberty to the complainants to amend their bill if so desired.

*Decree reversed.*