THOMAS CARBINE

*v.* ·

JAMES PRINGLE.

1. PRACTICE—*objections that may be obviated must be made in the court below.* Under the Burnt Records act, an abstract of title is made evidence under certain conditions, and if such abstract is produced in evidence, without proof of the circumstances necessary to its admission, the other party should object to it in the court below, and his failure to do so will amount to a waiver of such preliminary proof, and the admission of the abstract can not be objected to in this court.

2. RECORDING ACT—*as affording constructive notice to subsequent purchasers.* A subsequent purchaser of real estate is not chargeable with constructive notice of all instruments of record by whomsoever made, but only of such as lie in the apparent chain of title, or may be made by one in some way connected with the property involved in interest, and it brought to the notice

of the purchaser. Such purchaser is not bound to look for judgments against one in whom the record shows no title, or for any conveyance from him, or sheriff's deed on sale under execution against him.

3. A person holding under a contract of purchase of two lots of ground, such contract not being recorded, sold one of the lots to a third person, executing to him an agreement in respect thereto, which was duly recorded. Thereupon the original contract of sale of the two lots was taken up and canceled, the first vendor executing two separate contracts for the lots, respectively, to the then several purchasers: *Held*, the recording of the contract of sale from the first purchaser to his vendee of the one lot afforded no notice to subsequent purchasers of the other lot from the original owner, that such first purchaser ever held any interest in this last named lot.

4. An immediate purchaser of land from one who holds under a contract of purchase, and who takes his deed direct from the first vendor, may be chargeable with notice of his own vendor's interest, as respects the rights of creditors of the latter, although the original contract of purchase was never recorded,—but notice to such second purchaser would not, under the circumstances named, be notice to any subsequent purchaser under him.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. WILLIAM H. SISSON, for the appellant.

Messrs. ELA & PARKER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed in the Superior Court of Cook county May 26, 1875, by James Pringle, against Thomas Carbine, to set aside a sheriff's sale and deed to the latter, of lot 101, in Hull's subdivision of block 19, in section 7, town 39 north, range 14 east, in Cook county, Illinois, as being a cloud upon the title of Pringle to the lot. Upon final hearing, the court below decreed in favor of the complainant the relief sought, and the defendant appealed.

One Charles J. Hull was the common source of title. The complainant's claim of title was through mesne conveyances from Hull. The interest claimed by the defendant was under a sheriff's sale and deed of the lot made to him under an execution in favor of Goodwillie and King against one O'Brien,

who had made a contract of purchase of the lot from Hull and taken a written agreement for a deed upon the making of future payments, O'Brien having paid a portion of the purchase money and built a house upon the lot—our statute at the time of the sheriff's sale providing that the "real estate which might be sold under execution should be held to include all interest of the defendant held or claimed by virtue of any deed, bond, covenant, or otherwise, for a conveyance of lands in fee, for life or for years."

The first point made against the decree is, that the court erred in admitting incompetent evidence on the part of complainant, namely, an abstract of title purporting to show a memorandum of certain intermediate conveyances through which complainant sought to show a direct chain of title from Hull, and without which it was not shown.

Under the act known as the Burnt Records act, such an abstract of title, under certain conditions, is made admissible in evidence. It is objected, that the conditions were not shown, to make the abstract admissible. The record does not show that any objection was made in the court below to the admission of the abstract in evidence, as it should do in order to make the objection available in this court. Such an objection can not be made here for the first time. Had it been made in the court below, proof might have been made of the circumstances which would warrant the receiving in evidence of the abstract of title. Allowing it to go in evidence without objection was a waiver of such preliminary proof. No other objection is made to complainant's derivation of title from Hull.

The agreement for the sale and conveyance of the lot from Hull to O'Brien was prior to any deed from Hull, but it was not recorded so as to give notice thereof to subsequent purchasers from and under Hull.

On October 18, 1866, the agreement was made between Hull and O'Brien for the sale and conveyance, on future payments, of two lots—101 and 102—the former being the

only one involved in this suit. On April 19, 1869, articles of agreement were made between O'Brien and one William C. Morris for the sale and conveyance by O'Brien to Morris, of lot 102, upon making certain future payments, $100 having been paid down, these articles being recorded June 7, 1869.

On August 1, 1869, the original contract from Hull to O'Brien for both lots was taken up by Hull, and he gave in place of it two new contracts, one to O'Brien for lot 101, on payments running through a series of years, and one to Morris for lot 102. On January 17, 1870, Hull, under this second contract with O'Brien, made a special warranty deed of lot 101 to William Williams which was recorded February 1, 1870; Williams conveyed to Dianny Clark by warranty deed made June 18, 1870, and recorded June 22, 1870; Dianny Clark conveyed to Charlotte E. Williams by warranty deed made June 21, 1870, and recorded June 22, 1870, and Charlotte E. Williams and William Williams, her husband, conveyed to James Pringle, the complainant, by warranty deed made April 7, 1872, and recorded May 25, 1872.

The sheriff's certificate of the sale of lots 101 and 102 to Elizabeth Goodwillie, under execution in favor of Goodwillie and King against O'Brien, was made September 14, 1869, and recorded September 15, 1869, and the sheriff's deed to Thomas Carbine, the defendant, as assignee of Elizabeth Goodwillie, was made December 20, 1870, and recorded December 22, 1870, the date of the judgment not appearing.

It is insisted by appellant, that the record of the article of agreement from O'Brien to Morris was notice to appellee of O'Brien's interest. The lot described in that agreement was 102 ; lot 101 was not named or in any way referred to therein, and how the record of that instrument, concerning lot 102, could furnish any notice of O'Brien's interest in lot 101 does not appear, and is not attempted to be explained. It is further insisted, that the recording of the sheriff's certificate of purchase and deed of the two lots as sold under execution against O'Brien, was notice to appellee of O'Brien's interest

in the lots. The sheriff's certificate of purchase was made and recorded before any subsequent deed was taken from Hull. But O'Brien's name did not appear in the chain of title to the lot, nor was he in any way connected with the title from anything shown, as brought home to the appellee. He, on examining the title as an intending purchaser, had no occasion and was not bound to look for judgments and incumbrances as against O'Brien, or for any conveyance made by him, or sheriff's deed on sale under execution against him. Such a purchaser is not chargeable with constructive notice of all instruments of record by whomsoever made, but only of such as lie in the apparent chain of title, or may be made by one in some way connected with the property involved in interest, and it brought to the notice of such purchaser. *Irish* v. *Sharp,* 89 Ill. 261; *Manly* v. *Pettee,* 38 Ill. 128; *Dexter* v. *Harris,* 2 Mason, 531.

Williams, who took the immediate conveyance from Hull, might be chargeable with notice of O'Brien's interest, and the execution sale and sheriff's deed of it, as his conveyance was taken under O'Brien's contract of purchase. But notice to Williams would not be notice to any of the subsequent purchasers under him.

There is no pretense of actual notice to appellee at the time he purchased in 1872, of any interest in O'Brien, nor was there any proof that O'Brien ever had any possession of the property further than that he built a house upon it, but no proof of notice of that to appellee.

The court below was justified, from the evidence, in finding that appellee occupied the position of a *bona fide* purchaser without notice, and rightly decreed as it did.

The decree is affirmed.

*Decree affirmed.*