### F. O. CUNNINGHAM ET AL.
### v.
### PATRICK THORNTON.

*Bill to Reform and Foreclose Trust Deed—Misdescription—Subsequent Conveyances—Constructive Notice of Previous Conveyances—Evidence.*

1. Such conveyances of record as are in the apparent chain of title to real estate, are alone required to be noticed by subsequent purchasers and incumbrancers.

2. In order to help out a defective description the law will not allow the false description to be rejected and the correct one inserted.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

The facts presented by this record are as follows: Alvah Moffit and wife, on May 24, 1867, conveyed, by warranty deed to John Thornton, for the consideration of $400, the following described parcel of land, to wit: "A part of the E. ½ of the N. E. ¼ of Sec. 13, town 8, N. of R. 7, E. of 4th P. M.; beginning at the N. W. corner of said tract, thence S. 830 feet, thence E. 140 feet, thence E. 66 feet across the railroad track, thence S. on the east side of said railroad land 930 feet to the bank of the Kickapoo creek, thence N. 82 degrees E. 400 feet, thence N. 72 degrees E. 420 feet, thence N. 18 degrees W. 370 feet, thence N. 320 feet, thence N. 50 degrees W. 370 feet, thence N. 10 degrees E. 200 feet to the north line of said tract, thence W. 250 feet to the place of beginning, being 15 acres, more or less, excepting a certain right of way and coal." This deed was placed of record on the date of its execution. On the 14th day of August, 1875, John Thornton and wife executed a trust deed to Thomas McGrath, trustee, to secure a note held by Patrick Thornton of that date for the sum of $386, due in three years, at the rate of ten per cent. interest per annum; said trust deed conveyed the tract of land described in the deed from Alvah Moffit, of the date of May 24, 1867, by the following description, to wit: " A part of the E. ½ of the N. E. ¼ of Sec. 13, township 8, N. of R. 7, E. of the 4th P. M., in said township, county and State. For further description by metes and bounds, reference is had to a deed from Alvah Moffit and wife to John Thornton, which deed bears date May 24, 1867, and recorded in recorder's office of Peoria county, Illinois, in book B C of deeds, at page 146, except the same as provided in the above deed." This trust deed was filed of record the day it bears date.

On the 25th day of April, 1878, John Thornton obtains another deed from Alvah Moffit conveying to him the following tract of land for the express consideration of $400 by the following description, to wit:

" A part of the E. ½ of the N. W. ¼ of Sec. 13, township 8,

N. of R. 7, E. of the 4th P. M., beginning at the N. W. corner of said tract, thence S. 830 feet, thence E. 140 feet, thence E. 66 feet across the C., B. & Q. R. R. track, thence S. on the east side of the said railroad land 930 feet to the bank of the Kickapoo creek, thence N. 82 degrees E. 400 feet, thence N. 72 degrees E. 420 feet, thence N. 18 degrees W. 370 feet, thence N. 320 feet, thence N. 56 degrees W. 370 feet, thence N. 10 degrees E. 200 feet to the north line of said tract, thence west 250 feet to the place of beginning, being 15 acres, more or less, excepting a certain right of way and coal." This deed contains the following recital: " This deed is made to rectify a deed made between the parties hereto on May 24, 1867, and recorded same date in recorder's office of Peoria county, Illinois, in book B C on page 146." This deed was recorded June 7, 1878. Subsequent to the recording of these several conveyances John Thornton borrowed money of appellant Cunningham at three different times, amounting in all to $300. The first loan was made June 16, 1880, for the sum of $150, for which a trust deed and note were given of that date.

The second loan was made April 30, 1883, for $100, for which a trust deed and note were given of that date. The third loan was made May 2, 1884, for $50, for which a mortgage and note were given of that date. These instruments were filed of record on the days they bear date respectively. These notes bear interest at the rate of eight per cent. per annum, and are owned by appellant Cunningham. These trust deeds and the mortgage conveyed the following tract of land, to wit: "A part of the E. ½ of the *northwest quarter* of Sec. 13, township 8, north of range 7, east of the 4th P. M., beginning at the northwest corner of said tract, thence S. 830 feet, thence E. 140 feet, thence E. 66 feet across the C., B. & Q. railroad track, thence S. by the east side of the said railroad land 930 feet to the bank of the Kickapoo creek, thence N. 82 degrees E. 400 feet, thence N. 72 degrees E. 420 feet, thence N. 18 degrees W. 370 feet, thence N. 320 feet, thence N. 56 degrees W. 370 feet, thence N. 10 degrees E. 200 feet to the north line of said tract, thence W. 250 feet to the place of beginning, containing 15 acres, more or less, excepting a certain right of

way and coal," etc., "being the same tract of land on which John Thornton resides, and described in the deed from Alvah Moffit to John Thornton, of date April 25, 1878.

On November 20, 1884, John and Mary Thornton, to secure their joint notes of that date for the sum of $175, executed a mortgage to S. S. Page upon the same land, by the same description as covered by appellant Cunningham's trust deeds and mortgage. This mortgage was recorded November 20, 1884.

By stipulation this case is dismissed as to S. S. Page and Geo. T. Page is substituted as a defendant.

This bill was filed by the appellee to reform and foreclose the trust deed given by John Thornton and wife to Thomas McGrath, trustee, to secure the appellee in the sum of $386, secured by said trust deed and note to appellee for that sum, and bearing date as above stated, August 14, 1875, and recorded same day.

The court below held that the said last named trust deed to appellee had priority over the various trust deeds and mortgages of the appellants, and decreed that the payment of the latter trust deeds and mortgages be postponed to that of appellee.

Messrs. W. T. Whiting and J. A. Cameron, for appellants.

The beginning point established by the parties in their deed of conveyance is vital and can not be rejected, and controls the other calls in the deed; and if the land can not be located without abandoning this point the deed is void for uncertainty. White's Bank of Buffalo v. Nichols, 64 N. Y. 65; Dale v. Travelers Ins. Co., 89 Ind. 473; Dwight v. Tyler et al., 49 Mich. 614; LeFranc v. Richmond, 5 Sawyer, 601.

The deed from Alvah Moffit to John Thornton dated May 24, 1867, not describing the land intended to be conveyed, is void for uncertainty, and appellee, having followed the same description in his trust deed, it is also void as to the rights and interests of third parties without actual notice or knowledge of the existence of said trust deed, and the recording of it is not constructive notice to appellants of appellee's interest

in the land, covered by their trust deeds and mortgages. Rogers v. Kavanaugh, 24 Ill. 583; Bowen v. Calloway, 98 Ill. 41; Chamberlain v. Bell, 7 Cal. 292; Lacey & Hoagland v. Simpson, 11 N. J. Eq. 246; Sanger v. Craigue, 10 Vt. 555; Frost et al. v. Beekman, 1 John. Ch. 288.

As far as the legal title to the premises is shown by the chain of title of record, it is perfect in John Thornton, subject only to the liens of appellants. They were only required to search the records in the apparent chain of title to the tract of land covered by their trust deeds and mortgages. Grundier v. Reid et al., 107 Ill. 304; Irish et al. v. Sharp et al., 89 Ill. 261; Bent v. Coleman et al., 89 Ill. 364; Manley v. Pettee, 38 Ill. 128; Bowen v. Galloway, 98 Ill. 41; Wade on Notice, Sec. 205; Wait et al. v. Smith et al., 92 Ill. 385; Carbine v. Pringle, 90 Ill. 302; Dexter v. Harris, 2 Mason, 531.

In all the adjudged cases, the recitals or references in the deeds or wills which were held to be sufficient notice of the rights of third parties, were an express and direct recital of the equitable rights sought to be established, or a reference to some other deed which expressly stated the rights in such a manner that the purchaser could not, without negligence, avoid noticing. White v. Kirby, 42 Ill. 510; Kerfoot v. Cronin, 105 Ill. 609; U. S. Mort. Co. v. Gross et al., 93 Ill. 483; C., R. I. & P. R. R. Co. v. Kennedy et al., 70 Ill. 350; Executors of Gale v. Morris, 29 N. J. Eq. 222; Hull v. Davis, 36 N. H. 569; Colcord v. Alexander, 67 Ill. 581; City of Chicago v. Witt, 75 Ill. 211.

The rule of law to be deduced from the adjudged cases is: That when knowledge is imputed to a person by mere force of law without evidence of actual knowledge, he can only be held to know what the record to his chain of title shows, and not to know what it does not show. Gale v. Morris, 29 N. J. Eq. 222; Wilson v. King, 27 N. J. Eq. 374; Carbine v. Pringle, 90 Ill. 302.

The doctrine that the recording of the equitable trust deed of appellee is not constructive notice to appellants, for which we are contending as applicable to the case at bar, is fully

recognized by the following decisions:   Irish et al. v. Sharp, 89 Ill. 261; Manley v. Pettee, 38 Ill. 128; St. John v. Conger, 40 Ill. 535; Harris v. McIntyre et al., 118 Ill. 275; Halstead v. Bank of Ky., 4 J. J. Marshall, 555; Lessee of Heister v. Fortner, 2 Binney, 40; Calder v. Chapman, 52 Pa. St. 359; Frost et al. v. Beekman, 1 Johns. Ch. 288–300; Farmer's Loan and Trust Co. v. Maltby, 8 Paige, 361.

Mr. DAN. F. RAUM, for appellee.

The record of an instrument conveying an equitable interest of any kind in real estate, is notice to the same extent as a deed conveying the legal title.   Snapp et al. v. Pierce et al., 24 Ill. 156; Powell et al. v. Jeffries et al., 4 Scam. 387; Doyle et al. v. Teas et al., 4 Scam. 202.

Purchasers and incumbrancers are chargeable with constructive notice of the recitals of all instruments in their chain of title.   Dwight v. Tyler et al., 49 Mich. 614; Jones v. Williams, 24 Beavan, 47; Bellows v. Floyd, 2 Watts, 409; White v. Kirby, 42 Ill. 510; Crawford v. C., B. & Q. R. R. Co., 112 Ill. 314; Sidwell v. Wheaton, 114 Ill. 267.

Whenever a purchaser or incumbrancer has notice from the record that his grantor had been the equitable owner of the land before he obtained the legal title, then such purchaser or incumbrancer is chargeable with notice of all incumbrances of record made by his grantor after the date of the inception of his grantor's equitable ownership.   Irish et al. v. Sharp et al., 89 Ill. 261; Hetzel v. Barber, 69 N. Y. 1.

The recital in the deed of April 25, 1878, gave appellants notice of John Thornton's equitable ownership of the land in question from May 24, 1867, and was information sufficient to put a prudent man upon inquiry.

" A party, having notice of such facts as would put a prudent person upon inquiry, is chargeable with notice of other facts, to which, by diligent inquiry and investigation, he would have been led."   Bent v. Coleman, 89 Ill. 364; Doyle et al. v. Teas et al., 4 Scam. 248; Rupert v. Mark, 15 Ill. 542; Morrison v. Kelley, 22 Ill. 610; Babcock v. Lisk, 57 Ill. 327; Ogden v. Haven, 24 Ill. 59; Harper v. Ely, 56 Ill. 179; Parker

v. Merritt, 105 Ill. 293; Citizens National Bank v. Dayton, 116 Ill. 258.

It has been uniformly held that if the deed calls for natural monuments, as well as describes the land by a reference to the number of township, section and fraction of a section, in accordance with the general rule that natural monuments will control both artificial monuments and the courses and distances, the boundaries would be determined by the natural monuments, although the plats and field notes would indicate a different location. Montgomery v. Johnson, 31 Ark. 74; Brown v. Huger, 21 How. 305; McIver v. Walker, 4 Wheat. 444; Newsom v. Prior, 7 Wheat. 7; Shelton v. Maupin, 16 Mo. 124; Duren v. Presberry, 25 Texas, 512; Dwight v. Tyler et al., 49 Mich. 614.

LACEY, J. The only question raised by this record is as to the priority of the various incumbrances of the appellants and the appellee.

It is admitted by appellee in his brief that "the evidence does not show appellants had any actual knowledge of the trust deed of appellee at the time they took their several trust deeds and mortgages." The only question, therefore, is whether the appellants, at the respective times when they took their several trust deeds and mortgages, were chargeable with constructive notice of the existence of the appellee's trust deed.

Two propositions are claimed on the part of the appellee, the correctness of either of which entitles him to priority. They are as follows: 1. The appellants are chargeable with constructive notice of appellee's trust deed, without regard to the sufficiency of the description in it to pass the title. 2. The original description in the first deed from Moffit to John Thornton, as well as that in appellee's trust deed which followed the first, was sufficient to convey title to the land in controversy, notwithstanding the error in it. These are the propositions upon which we are called on to pass, and the solution of which is decisive of the case.

Both appellants and appellee claim liens through John Thornton, who was the grantee of Alvah Moffit: the latter

Cunningham v. Thornton.

through a deed misdescribing the land in question, following
the supposed erroneous description in the first deed from Mof-
fit to John Thornton, and the former, though conveyances
subsequent in time and record to appellee's lien, through a sup-
posed corrected description subsequent to the so-called cor-
rected deed from Moffit to John Thornton. We will first
pass on the question of the sufficiency of the description to
pass the title. We can not regard the description in the deeds,
mortgages and trust deeds, executed before the correction, as
good. It is insisted by appellant that after rejecting the por-
tion of the description that is false, there still remains enough,
in view of the parol evidence, to locate the land on the proper
tract; that is, the one intended by the grantor. We can not
agree with this view. The land meant to be conveyed was in
the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, Sec. 13; the starting point to meas-
ure it by metes and bounds was at the northwest corner of
said tract. If the false portion, the "northeast quarter," be
rejected, then the land would be located in the east half of the
section. It would then read, "a part of the east half of sec-
tion 13, beginning at the northwest corner of said tract," a
quarter of a mile east of the true point. The true starting
point would still not be found. If the entire description, "east
half of the northeast," be disregarded, we then have no start-
ing point except the "northwest corner of the tract," of fifteen
acres. From this imperfect description the land could not
with any certainty be located. There is no point marked or
described on the railroad where the line in the third call for
distance crosses it, nor is there any monument or point desig-
nated on the bank of "Kickapoo creek," where the fourth
call for station is made. So, without the starting point, the
land can not be located. In order to help out a defective
description the law will not allow the false description to be
rejected and the correct one inserted. This would be mak-
ing a new description and changing the written descrip-
tion by parol evidence. This alone a court of chancery has
the power to do. Words are not allowed to be inserted even
to help out a description in a will, in order to give effect to
the intention of a testator, where courts are more liberal than

they are in regard to deeds, for deeds may be corrected in equity according to the intention of the grantor and grantee, but not so with wills. They must stand or fall by the description therein contained. Mistakes can not be corrected. Decker v. Decker et al, 121 Ill. 341; Kurtz v. Hobner, 55 Ill. 514; Barven v. Allen, 113 Ill. 53. "Parol evidence may be used to establish and identify the object of the call in the deed, and the. grant will only be held void for uncertainty where, after resort to oral proof, it remains a matter of conjecture what was intended by the instrument." Smith v. Crawford, 81 Ill. 296. After hearing the parol evidence in this case, and if the starting point be rejected, it would still be a matter of conjecture where the land was located.

The next point is, were the appellants bound to take notice of the record of appellee's trust deed? We are of the opinion that they were not. On account of the misdescription in appellee's mortgage, it was not in the apparent chain of the title of the land in question. It did not describe it. The records did not show that the land in question had been conveyed by John Thornton at the time the appellants acquired the trust deeds and mortgage. The appellants would not be compelled to search the records to ascertain whether John Thornton had made some deed in which facts were recited by means of which, added to the knowledge they were compelled to have, i. e., that John Thornton had held the land by misdescription for several years, the appellants would be put on inquiry. The law, we think, is well settled that such conveyances of record as are in the apparent chain of title are alone required to be noticed by subsequent purchasers and incumbrancers. Crabtree v. Pringle, 90 Ill. 302; Wait et al. v. Smith, 92 Ill. 385; Rodgers v. Kavanaugh, 24 Ill. 583; Irish v. Sharp et al., 89 Ill. 261; Dexter v. Harris, 2 Mason, 531; Manly v. Pettee, 38 Ill. 128.

It would be most unreasonable to require appellants to search the records through and examine every deed executed by John Thornton subsequent to the time he had accepted the defective deed from Moffit in 1867, and read all such deeds to ascertain if he had not made some conveyance of this land

by a misdescription similar to the one contained in his deed from Moffit. All that the appellants were bound by law to take notice of was that Thornton had for some time held some kind of a claim on the land under a deed in which it was misdescribed, and that the deed had been corrected. Having this knowledge, if, as a matter of fact, appellants had seen the trust deed of appellee in which the land was similarly described, it would have been, as we think, good notice; but notice of such trust deed can not be inferred from the mere fact of its being of record. The case of Dwight v. Taylor, 49 Mich. 614, is not in point. In that case the court held there was no want of a legal description in the conveyance by the record by which all were bound. The observation of the judge writing the opinion, at its conclusion, that if the appellant had examined the record he would have been notified of appellee's title, was unnecessary to a decision of the case and was mere *obiter dictum*, the description being held to be good. Besides, the remark was correct, at all events, as to notice, the title being held legal. But if the opinion is to be understood to decide that even if the description had been bad, the subsequent grantee should be held to notice, we do not approve it, and think it not in harmony with the opinions of our own Supreme Court and other courts of high authority. It follows from what we have said that the court below erred in holding that appellee's trust deed had priority of lien over appellants' trust deeds and mortgages, and decreeing that the former should be first paid. Appellants' trust deeds and mortgages should have priority as to appellee's, and as to each other in the order of their record.

The decree of the court below is therefore reversed and the cause remanded to the court below, with directions to render decree in accordance with this opinion.

*Reversed and remanded.*