Chicago and Eastern Illinois Railroad Company

*v.*

John B. Wright.

*Filed at Springfield November 26, 1894.*

1. Notice—*is whatever reasonable inquiry would develop.* In law, that is notice of a fact which would provoke a reasonably prudent man to such inquiries as, pursued with reasonable diligence, would lead to full knowledge.

2. Same—*unrecorded deed of right of way of railroad.* The grade of a railroad across a tract of land, distinctly apparent to a purchaser, and the examination by such purchaser of a county map whereon the line of railroad was marked across the land, with the name of the company, constitute notice of the railroad company's unrecorded deed, it appearing that inquiry upon the clue thus furnished would have led to full knowledge.

3. Same—*deeds outside of purchaser's chain.* A purchaser of land is not, as a general rule, chargeable with notice of deeds lying outside of his chain of title.

4. Railroads—*failure to complete line according to charter—forfeiture.* The State, only, can take advantage of the fact that a railroad company fails to build its road within the time limited by its charter. Such failure cannot aid a plaintiff suing in ejectment for part of such company's right of way.

Appeal from the Circuit Court of Douglas county; the Hon. James F. Hughes, Judge, presiding.

Mr. W. H. Lyford, for the appellant:

Whatever is sufficient to put a prudent person upon inquiry is sufficient to charge him with notice; and possession of land by a person under a claim of right is sufficient to charge all persons with notice of his right, whether legal or equitable. *McConnel* v. *Reed,* 4 Scam. 117; *Morrison* v. *Kelly,* 22 Ill. 623; *Reeves* v. *Ayers,* 38 id. 419; *Lyman* v. *Russell,* 45 id. 281; *Railway Co.* v. *McBroom,* 114 Ind. 198; *Paul* v. *Railroad Co.* 51 id. 527; *Railroad Co.* v. *Oyler,* 60 id. 383; *Wilson* v. *Hunter,* 30 id. 466; *Singer* v. *Scheible,* 109 id. 575; *Ellis* v. *Horrman,* 90 N. Y. 466; *Railroad Co.* v. *Clifford,* 113 Ind. 460; *Railway Co.* v. *Allen,* 113 id. 581; *Rail-*

*way Co.* v. *Smith*, 113 id. 233 ; *Railroad Co.* v. *Nye*, 113 id. 223 ; *Rupert* v. *Marks*, 15 Ill. 540 ; *Crawford* v. *Railroad Co.* 112 id. 314; *Redden* v. *Miller*, 95 id. 336 ; *Russell* v. *Ranson*, 76 id. 167; *Watt* v. *Schofield*, 76 id. 261; *Franz* v. *Orton*, 75 id. 104; *Doyle* v. *Teas*, 4 Scam. 202 ; *Powell* v. *Jeffries*, id. 387; *Pittman* v. *Gaty*, 5 Gilm. 186 ; *Keys* v. *Test*, 33 Ill. 316 ; *Truesdale* v. *Ford*, 37 id. 210 ; *DeWolf* v. *Pratt*, 42 id. 198 ; *Warren* v. *Richmond*, 53 id. 52 ; *Whittaker* v. *Miller*, 83 id. 381.

Any alleged non-compliance with the law can only be inquired into by writ of *quo warranto* or *scire facias.* *Rice* v. *Railroad Co.* 21 Ill. 93 ; *Tarbell* v. *Puige*, 24 id. 46 ; *Baker* v. *Backus*, 32 id. 79.

Mr. James A. Eads, and Mr. H. Van Sellar, for the appellee :

Enough must be shown to impute to the subsequent purchaser bad faith, so as to taint his purchase with fraud, in law. Mere want of caution, as distinguished from fraudulent and willful blindness, is not sufficient to charge a subsequent purchaser with constructive notice of an unrecorded deed. *Grundies* v. *Ried*, 107 Ill. 304; *Anthony* v. *Wheeler*, 130 id. 128.

A purchaser is not chargeable with notice of any deeds lying outside of his chain of title. *Irish* v. *Sharp*, 89 Ill. 261; *Carbine* v. *Pringle*, 90 id. 302 ; 16 Am. & Eng. Ency. of Law, 800.

When property comes into the hands of one having no notice of prior equities, he obtains a complete *jus disponendi*, and his want of notice is a protection to all subsequent grantees, even though they may have such notice. 16 Am. & Eng. Ency. of Law, 841.

Possession is not notice, except during its continuance, and a vendor is not bound to take notice of the antecedent possession of third persons. 16 Am. & Eng. Ency. of Law, 800, 801; *Hews* v. *Wiswell*, 8 Me. 94; *Campbell* v. *Breckenridge*, 8 Blackf. 471.

Mr. Justice Baker delivered the opinion of the court :

This is an action of ejectment, brought by appellee, against the Chicago and Eastern Illinois Railroad Company, appellant, to recover a strip of land sixty feet wide across section 20, township 16, north, range 9, east, in Douglas county, said strip being now in use by appellant as a part of the right of way for its railroad. The parties stipulated at the trial that they both claimed title from a common source—Michael Hahn. The judgment below was for the plaintiff, John B. Wright. His title was shown by the following conveyances : a trust deed from Michael Hahn, dated June 24, 1877, and recorded July 12, 1877, conveying said section 20 to the Illinois Trust and Savings Bank to secure the payment of certain notes ; a deed from the Illinois Trust and Savings Bank to John Paton, dated April 16 and recorded April 22, 1878, conveying the whole section ; and a deed to the section from Paton to himself, dated August 26, 1884, and recorded September 16, 1884. Appellant claimed title to the strip in dispute under a deed for right of way executed by Michael Hahn on May 15, 1872, to the Danville, Tuscola and Western Railroad Company, and a deed dated March 28, 1882, from said railroad company to James Davis, and a deed from said Davis to Hiram W. Beckwith, dated April 7, 1882. The two last mentioned deeds were filed for record April 7, 1882, but the deed from Hahn to the railroad company was not placed on record until December 23, 1886. Appellant afterwards derived title through Beckwith.

It thus appears that the conveyance from Hahn to the Danville, Tuscola and Western Railroad Company was made before the date of the deed from Hahn to the Illinois Trust and Savings Bank, as well as before the date of the deed to appellee from his immediate grantor, but that it was not recorded until long after the dates of said deeds. It is not claimed that the evidence shows that appellee, when he purchased, had actual knowledge of the prior conveyance of the right of way. The material question

in the case is this : Did the unrecorded deed convey the strip of ground in controversy, as against appellee. The determination of that matter depends upon whether or not appellee, at the time he took his deed, was legally chargeable with notice of the unrecorded conveyance.

It appears from the evidence that in 1872, and soon after the execution of the deed for the right of way, the Danville, Tuscola and Western Railroad Company constructed a grade across section 20 on the strip of land sixty feet wide, and extended such grade across the adjoining lands, both east and west of said section. No further work was done on this grade or on the railroad from and after the year 1872, until subsequent to the time that appellee made his purchase. When he bought, his grantor was in possession of the whole section, the strip in question being fenced in with the other parts of the section, and the whole used as a pasture for cattle. However, the railroad grade was clearly defined and remained intact. It is admitted that appellee knew of the grade. He states in his own testimony that at the time that he bought he saw the grade there, and saw the grade on the adjoining property on both sides of the section, and that there was a grade all the way through there. He also states that he made inquiries of one Eckhart, who had lived on the land, but did not ask anything about what title the railroad company had, and that Eckhart said that the old company was dead and the road would never be built. It also appears, from the evidence, that prior to his purchase appellee saw a county map, which showed the railroad line across section 20, and that this line was marked "D., T. & W. R. R. Co."

The information which, under the law, makes it the duty of a purchaser of real estate to make inquiry as to title, must be such as opens up a channel or source of further information, which, followed to its legitimate results, would lead to a knowledge of the existence of the unrecorded conveyance. (*Doyle* v. *Teas*, 4 Scam. 202; *City*

*of Chicago* v. *Witt*, 75 Ill. 211; *Morrison* v. *Kelly*, 22 id. 610; *Grundies* v. *Reid et al.* 107 id. 304.) It is difficult to lay down a general rule as to what facts are sufficient to charge a party with notice or put him upon inquiry. It is safe to say, however, that if the information received is of that character that it would arouse the suspicions of an ordinarily prudent person, and suggest to him a source of information which, by the exercise of ordinary and reasonable diligence, would, upon inquiry and investigation, lead him to the fact that a prior conveyance had been made, then he will be deemed chargeable with knowledge of such conveyance.

In *Crawford* v. *Chicago, Burlington and Quincy Railroad Co.* 112 Ill. 314, it was said that the rule is, that if anything apprises a purchaser or incumbrancer that a particular person claims the property, or an interest in it, the former must pursue that notice to its source, and that failing to do so he will be charged with all he would have learned had he pursued and investigated the matter to the full extent to which it led.

In *Indiana, Bloomington and Western Railway Co.* v. *McBroom*, 114 Ind. 198, the appellee knew, at the time he bought the land, that the grade for a railroad track was constructed thereon, and this was held to be sufficient to put him upon inquiry, and it was there said : "A person who is about to purchase land upon which a grade for a railroad is constructed, is warned that there is some claim of right, and if he fails to make proper inquiry as to the nature of the claim, he buys at his peril."

In the case at bar the grade was a plain, unmistakable monument, which notified the whole world that a railroad company had entered upon the land and erected its roadbed thereon, and the legal presumption arose that it had done so under some claim of right. Besides this, appellee admits that he had actual notice, from the county map and otherwise, of the name of the particular railroad company—the Danville, Tuscola and Western Railroad Com-

pany—that had constructed the grade; and the evidence shows that Rice Irvine, who was a director and secretary of said company from its first organization up to the time of the transfer of its property to Davis, resided all the time, and continued to reside, at Tuscola, the county seat of the county.   An inquiry addressed to him would have elicited information in regard to the deed for the right of way, and a question asked Eckhart in regard to the title to the strip on which the grade was located would have led to an ascertainment of the terms of the contract for the right of way, and of the fact that the consideration for the strip of land had been paid.   It was matter of common knowledge that work on the road had been stopped by the panic of 1873, and that at that time the grading was completed.   We think it probable that appellee is not to be charged with notice of the deed from the railroad company to Davis, and of the deed from Davis to Beckwith, both made and recorded in 1882.   The general rule is, that a purchaser is not to be charged with notice of deeds lying outside of his chain of title.   (*Carbine* v. *Pringle*, 90 Ill. 302; *Grundies* v. *Reid*, 107 id. 304.)   But, excluding those deeds, the facts known by him before he bought the section of land were amply sufficient to put him upon inquiry. It must therefore be held that the title that he procured to the strip of ground in question is in subordination to the title that is vested in appellant to its right of way.

It does not militate against the title of appellant that its remote grantor, the Danville, Tuscola and Western Railroad Company, did not complete its railroad within eight years after the passage of its act of incorporation, in accordance with the provision of its charter in that behalf.   The State alone could take advantage of the failure of the company in that regard.   *Ross* v. *Chicago, Burlington and Quincy Railroad Co.* 77 Ill. 127; *Baker* v. *Backus*, 32 id. 79; *Thompson* v. *Candor*, 60 id. 244; *Chicago, Rock Island and Pacific Railway Co.* v. *Smith*, 111 id. 363; *Kirby* v. *Wabash, St. Louis and Pacific Railway Co.* 109 id. 412.

Other questions are discussed in the briefs and arguments, but in the view we have taken of the case it is unnecessary to consider them.

The rulings of the circuit court upon the written propositions of law submitted to it, so far as they were inconsistent with the views herein expressed, were erroneous, and the finding of the court and the judgment that it rendered were erroneous.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*