## HINGTGEN v. THACKERY et al.

A purchaser, who had notice of his vendor's defective title under a void deed, cannot invoke the equitable rule of estoppel against a third person, the grantor in such deed, who was entitled to the land conveyed as against the vendor.

After the date of a deed which conveyed no title to the grantor, the grantor therein attempted to convey the land to his brother, by a deed which appropriately conveyed all his interest in the land, and purported to convey a title in fee simple. **Held,** that one who bought the land from the grantee in the void deed, knowing of the subsequent deed, must be held to have notice that his vendor received no title.

In law, that is "notice" of a fact which would provoke a reason ably prudent man to such inquiries as, pursued with reasonable diligence, would lead to full knowledge; or, in other words, when a person has sufficient information. to lead him to a fact, he shall be deemed conversant therewith.

Where a purchaser had knowledge of facts sufficient to put him on inquiry as to the existence of some right or title in conflict with the title or interest he is about to purchase, he is presumed to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim as a bona fide purchaser.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by M. A. Hingtgen against George W. Thackery and another for certain land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Preston & Hannett,* for appellants.

A deed executed and acknowledged by the grantor, with the name of the grantee left blank, is invalid for any purpose until the name of a grantee is inserted therein. Lund v. Thackery, 18 S. D. 113; Upton v. Archer, 41 Cal. 85; Wunderlin v. Cadogan, 50 Cal. 613; Garnett v. Garnett's Lessee, 23 Ky. 545; Mickey v. Barton, 194 Ill. 446; Westchester Fire Ins. Co. v. Jennings, 70 Ill. App. 539; Ingram v. Little, 58 Am. Dec. 548. Such an instrument is not the deed of the person named therein as grantor, and can only be made his deed by himself inserting therein the name of the grantee, or some one doing so in his presence by his direction, or by an agent duly authorized by him in writing to insert the name of the grantee in said instrument. Sec. 938 Civil Code; Lund v. Thackery, 18 S. D. 85; Upton v. Archer, 41 Cal. 85; Wunderlin v. Cadogan, 50 Cal. 613; Ingram v. Little, 58 Am. Dec. 549. An unauthorized delivery of a deed is a void act and the deed will pass no title. Burnap v. Sharpsteen, 149 Ill. 225; Check v. Sisson, 95 Mich. 412. In order to invoke the doctrine of estoppel, it must appear affirmatively from the evidence, that the person sought to be estopped has done something which misled the other party to his prejudice, or omitted to do some act, which in equity he should have done, which omission injured the other party; or that he has remained silent when he knew that the other party was claiming title to his property and making valuable improvements thereon, or incurring expense in reference thereto, which he would not have done had the owner of the property spoken and disclosed his title. Estoppel will not supply the want of power to make a legal conveyance of real estate. Weatherington v. Smith, 109 N. W. 381; Whitlock v. Goessen, 53 N. W. 980. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself. Civil Code Sec. 2452. When a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his

claim to be considered a bona fide purchaser. Williamson v. Brown, 15 N. Y. 254; Weatherington v. Smith, 109 N. W. 381. It is a general rule that one who purchases of either party to a suit, the subject-matter thereof, after the court has acquired jurisdiction is bound by the judgment or decree, whether he purchased for a valuable consideration or not. Huston v. Timmerman, 11 Am. St. 848; Eyster v. Gaff, 91 U. S. 521; Grant v. Bennett, 96 Ill. 513.

*Jesse Van Valkenburg* and *Hanton & Loucks;* for respondent.

If an agent makes a fraudulent use of a deed entrusted to him, as by inserting the name of a grantee and delivering it to him (such grantee), without consideration and for his own benefit, such grantee can convey a good title to an innocent purchaser. Quick v. Milligan, 108 Ind. 419; Garland v. Wells, 18 N. W. 132; Ellis v. Waite, 57 N. W. 232; Pence v. Arbuckle, 22 Minn. 417. Plaintiff voluntarily, with full knowledge, and without any fraudulent procurement, placed and left for years in the hands of Stephenson, the imperfect deed, with the certificate of acknowledgment which was proper only for a perfectly executed and completed deed; and these are the acts and representations that estop him. Roussain v. Morton, 53 Minn. 560, 55 N. W. 747; Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870; Bausman v. Faure, 45 Minn. 412, 48 N. W. 13; Western Land Association v. Banks, 80 Minn. 317; Marden v. Dorthy, 160 N. Y. 39; Cornell v. Malthy, 165 N. Y. 557; Benton Co. Savings Bank v. Beddecker, 105 Ia. 548; Quick v. Milligan, 108 Ind. 419. The lis pendens is notice of every fact in the pleadings pertinent to the matter in issue or the relief sought, and of the contents of the exhibits filed and proved. Jones on Mortgages, (5th Ed.), Vol. 1, par. 584. A lis pendens does not exist as to facts not within the purpose of the suit. Devlin on Deeds, Sec. 802, note 6. The rule of notice, from lis pendens will be strictly construed. Devlin on Deeds, Sec. 799. A party will not be considered as having notice unless the circumstances are such that the courts can say, not only that the purchaser could have acquired, but that he ought to have acquired, the notice, and could have, but for gross negligence in his conduct of the transaction in question. National Valley Bank v. Harman, 75 Va. 608; Raymond v. Flavel, 27 Ore. 245; Black v. Childs, 14 S. C. 321.

Where one of two innocent persons must suffer, he through whose agency the loss occurred must sustain the loss. Quick v. Milligan, 108 Ind. 419. This principle is the more appropriately applied if the grantor learns of the unauthorized delivery and recording of the instrument and fails to take steps to prevent innocent third persons from acting to their injury. 16 Cyc. 583.

WHITING, J. This cause comes before the court upon an appeal from the judgment of the trial court in favor of the plaintiff, and from an order denying a new trial.

This action seems to be the sequel of Lund v. Thackery, 18 S. D. 113; 99 N. W. 856, and reference is made to said cause for a statement of the facts therein, and the opinion of this court upon such facts.

Upon the trial of the case at bar, which trial was had before the court without a jury, the court made its findings of fact, from which it found the facts as shown in Lund v. Thackery, supra, and found the following in addition thereto: At the time of the commencement of said action of Lund v. Thackery, to wit, on November 24, 1902, the plaintiff, Lund, filed a notice of lis pendens, but did not serve his summons within 60 days, as required by the Code. Lund sold the land to the plaintiff herein a few days after the filing of the said notice of lis pendens. Plaintiff had in his hands, at the time of such purchase, an abstract of the title to such land, showing the deed from G. W. Thackery to his brother, as well as the purported deed from said Thackery to Lund, which abstract showed the Lund deed first in date of execution, but second in date of recording. Plaintiff had no actual notice of the suit of Lund v. Thackery until long after his purchase. There is no claim by plaintiff, or any finding, to the effect that he ever made any investigation or inquiry concerning the deed from Thackery to his brother, or as to the apparent defect in his grantor's title. After the final decision in Lund v. Thackery, Amos Thackery reconveyed the land to G. W. Thackery, and it appears that the conveyance to Amos Thackery was without consideration, and was with notice on the part of Amos Thackery of the said imperfect deed which G. W. Thackery had signed; and the reconveyance to G. W. Thackery was without consideration. The above

are all the facts material to the consideration of this cause upon appeal. The learned trial court concluded as the law from the facts found; first, that defendant G. W. Thackery was estopped by his negligent and inexcusable acts from denying plaintiff's title; second, that plaintiff was a purchaser in good faith, for a valuable and adequate consideration, and without notice or knowledge of any defects in the deed from G. W. Thackery to Lund. Proper exceptions were saved to both of the above conclusions; and, while many other questions are raised by this appeal, those raised by the exceptions to above conclusions are the only ones we care to consider on this appeal, as we deem these raise the only really material questions in this cause. Furthermore, we consider the matter most important to be the question of whether, in law, the plaintiff had notice of the defects in his grantor's title, because if he did have such notice, then it certainly cannot be held that he is in a position to invoke the equitable rule of estoppel; he having done nothing to protect himself against the effect of such notice.

We do not think it any wise necessary to discuss the effect of the recording acts on the rights of either party; although, considering the question of records alone, the defendant Thackery is certainly in the better position. We will treat this cause simply as it stands, regardless of the recording acts. These facts were known to plaintiff when he took the Lund deed and paid the consideration therefor: that his title was derived through the deed of G. W. Thackery to Lund; that after the date of said deed to Lund, Thackery had attempted to convey this land to his brother by a deed which would apparently convey all of Thackery's interest in said land, and purported to convey a fee-simple title thereto. It is admitted by the plaintiff and respondent that, as between Lund and Thackery, Lund acquired no title to the land in question by his deed. Did the plaintiff, who knew of the deed to Amos Thackery, in law have notice that his grantor, Lund, had received no title to said land from G. W. Thackery? We think he had such notice. If G. W. Thackery had learned that plaintiff was contemplating the purchase of this land, and before the close of such purchase had written, or told him by word of mouth, that he had never conveyed said land to Lund, we think no person would

claim that plaintiff could go on and purchase this land and be protected as an innocent purchaser, and acquire a good title where his grantor had none, and we hold that the knowledge of the deed of Thackery to his brother was the strongest kind of a declaration on the part of Thackery that he had not conveyed said land to any one prior to the date of the deed to his brother, and this regardless of the motive Thackery may have had in giving such deed to his brother. It may be his sole motive was simply to get something of record to warn persons against the instrument that was floating around, and never really intended to convey the land to his brother.

In case of Chicago, etc., v. Wright, 153 Ill. 307, 38 N. E. 1062, it is held: "In law that is notice of a fact which would provoke a reasonably prudent man to such inquiries as, pursued with reasonable diligence, would lead to full knowledge." Or, as was said in Kennedy v. Green, 3 Mylne, K. 722: "When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it." Or as stated by Baron Alderson in Whitbread v. Jordan, 1 Younge & Coll. 303: "When a party, having knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries, does not make, but studiously avoids making, such obvious inquiries, he must be taken to have notice of those facts, which, if he had used ordinary diligence, he would have readily ascertained." If plaintiff had made inquiry of G. W. Thackery, and Thackery had refused, or failed, to advise him of the defects in Lund's title, then plaintiff would be in a position where, admitting knowledge of facts sufficient to put him on inquiry, he could plead estoppel. As was well said in Doyle v. Teas, 5 Ill. 250; "This law [of notice] will not permit him to shut his eyes when his ignorance is to benefit himself at the expense of another, when he would have had them open and inquiring had the consequence of his ignorance been detrimental to himself and advantageous to the other." The rule of law applicable to the facts on this case is well stated in 2 Jones on Law of Real Property in Conveyancing, as follows: "When it is shown that a purchaser had knowledge of facts sufficient to put him on inquiry as to the existence of some right or title in conflict with

the title or interest he is about to purchase, he is presumed to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a bona fide purchaser."

The judgment of the lower court and the order denying a new trial are reversed.

CORSON, J. (concurring specially). I concur in the opinion of the majority of the court in reversing the judgment of the circuit court, but I prefer to place my concurrence upon the ground that, as the deed of George W. Thackery to Amos Thackery was recorded prior to the deed from George W. Thackery to Lund, the plaintiff had constructive, if not actual, notice that the title of the property, at the time he purchased the same from Lund, was presumpively in Amos Thackery, and, the title being apparently in Amos Thackery, the plaintiff had constructive; if not actual, notice sufficient to require him to make the necessary investigations as to Lund's title before making the purchase.