## HUGHES ET AL *v.* FIFER ET AL.

[No. 27,423. Filed February 13, 1941. Rehearing denied March 3, 1941.]

*Henry B. Walker, Ross E. Myers, John E. Early* and *Louis W. Ritz,* all of Evansville, for appellants.

*Claude A. Smith* and *Arthur S. Wilson,* both of Princeton, for appellees.

FANSLER, J.—This is an appeal from an interlocutory order appointing a receiver. The proceeding is ancillary to an action to quiet title, in which the appellants and the appellees Wabash Township, Wabash School Township, the trustee of Wabash Township, the Coopers, the Allens, and Kelly Job were defendants, and the remaining appellees were plaintiffs.

It is alleged in the complaint that Clara Fifer is the surviving widow, and the remaining plaintiffs are the children (and wives and husbands of children) and heirs at law, of Jesse Fifer and Fannie Fifer, deceased, and that they are also the heirs at law of Susan Miles and Hiram Miles, deceased; that in 1882 Jesse Fifer and his then wife, Fannie Fifer, and Susan Miles and Hiram Miles were the owners in fee simple of the east half of a certain quarter section of land in Gibson County; that in August, 1882, they executed and delivered a warranty deed to the trustee of Wabash School Township for "one square (¼) one-fourth acre out of the southwest corner" of the half quarter section. The consideration for the conveyance was the sum of $10. The property was conveyed for school purposes, and the deed contained this provision: "And should said tract of land described above, cease to be used for school purposes, it shall then revert back to the above grantors or their heirs." The deed was accepted and recorded and the school township took possession of the land and erected a school building or buildings thereon and began to use the property for school purposes, and continued to so use it up to and including the year 1926; that in 1931 the school buildings were sold and the premises abandoned for school purposes. It is alleged that in March, 1939, the plaintiffs notified the township of their re-entry and demand for possession of the premises, and that they did enter upon the prem-

ises and drive a stake and attach a written notice of their re-entry and demand for possession by virtue of the breach of the condition subsequent in the deed. It is alleged that by virtue of such re-entry the plaintiffs are entitled to possession of the property and to have their title quieted. It is alleged that the remaining defendants claim some interest in the real estate adverse to plaintiffs; that their claim is a cloud upon the title, and that they are made parties to answer and set up any interest which they may have.

The appellants appeared and filed six paragraphs of answer. The first paragraph is a general denial. Among the other paragraphs are allegations which concede that in 1882 the plaintiffs' ancestors were the owners of the half quarter section referred to in the complaint, and that the deed to the township described in the complaint was executed and delivered as alleged. They further allege that in 1901 the plaintiffs' ancestors, who were the owners of the half quarter section, executed and delivered to James A. Cooper a deed conveying and warranting to him the half quarter section involved "containing 80 acres, more or less"; that thereafter the half quarter section was conveyed to James A. Cooper, Jr.; that in 1916 James A. Cooper, Jr., conveyed to the township for school purposes the identical quarter-acre theretofore conveyed by the plaintiffs' ancestors; that there was a provision in the deed from Cooper to the township for reversion to and re-entry by the grantor in the event of discontinuance of the use of the property for school purposes, and that the township accepted and recorded such deed; that upon the death of James A. Cooper, Jr., in 1931, the title to the property vested in his son, David M. Cooper; that upon the abandonment of the use of the property for school purposes in 1931, James A. Cooper, Jr., and

David M. Cooper entered upon and took possession of the quarter-acre, and that at all times thereafter they remained in adverse, open, and notorious possession of the quarter-acre of land; that in 1937 David M. Cooper and wife executed and delivered to W. O. Allen an oil and gas lease for the real estate described in the complaint and other real estate (including the remainder of the half quarter section), and that before the beginning of the action the defendants acquired the rights under the lease, which they continue to hold.

Demurrers to these affirmative paragraphs of answer, based principally upon the ground that no title to the quarter-acre passed to the Coopers by virtue of the deed to them by the plaintiffs' ancestors, were sustained. The plaintiffs then filed their verified petition for the appointment of a receiver. This petition contains in substance the facts alleged in the complaint. In addition it alleges that David M. Cooper is the owner of the land lying directly north and east of the quarter-acre in question (the remainder of the half quarter section), and that K. Hughes and J. E. Amis are the owners of, or have an interest in and to, an oil and gas lease on the lands of Cooper surrounding or adjacent to the quarter acre; that all of the real estate is surrounded by producing oil and gas wells, "so that the oil and gas to which the plaintiffs are justly entitled, are being drained from said land by wells on the adjoining tracts of land"; that Hughes and Amis have drilled a well within fifteen feet of the quarter-acre of land, which is producing or capable of producing great quantities of gas and oil that is draining and will continue to drain the oil and gas beneath the real estate in question, and that other surrounding wells are also draining oil and gas from beneath the land. It is alleged that the defendants have manifested an intention to

appeal in the event of an adverse judgment, and that there will be great delay, by reason of which the plaintiffs will be permanently deprived of a large portion of the oil which they might pump through a well which they might sink if they were put in possession of the premises. There are numerous other allegations which need not be noticed.

After hearing evidence, largely directed to the effect of pumping oil in adjacent territory, a receiver was appointed, with authority to contract for the drilling of a well upon a royalty basis, $\frac{7}{8}$ of the oil to the driller and $\frac{1}{8}$ to the owner of the land; this $\frac{1}{8}$ to be impounded until a final determination of the cause; the well to be drilled at the risk of the driller, and the cost of the well and expenses of receivership not to be a lien upon the land.

Error is assigned upon the ruling appointing the receiver.

The facts, in so far as they are necessary to a determination of this appeal, are not in dispute; the question presented is one of law only. The plaintiffs, who are appellees, assert that the original conveyance by their ancestors to the township transferred the title to the quarter-acre of land completely, subject only to a right of re-entry upon breach of a condition subsequent, and that a re-entry upon breach of the condition subsequent vested them with a new or after-acquired title. This may be conceded for the purposes of the case, in view of the fact that, after conveying to the township, the plaintiffs' ancestors conveyed and warranted to the Coopers the entire half quarter section. It is true that the description of the half quarter section is followed by the words, "containing 80 acres, more or less." This is merely a limitation upon the warranty as to the quantity of ground in the

half quarter section, and not a reservation or exception of any part of the half quarter section. The grant and the warranty covered all of the half quarter section. *Gary Land Co.* v. *Griesel* (1913), 179 Ind. 204, 100 N. E. 673. Under our statute, § 56-115, Burns' 1933, § 14660, Baldwin's 1934, a warranty deed "shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all encumbrances, and that he will warrant and defend the title to the same against all lawful claims." If it be granted that the plaintiffs' ancestors had no title to the quarter-acre in question at the time they conveyed the full half quarter section to the Coopers, they are still confronted with their contention, which is the basis of their action, that they acquired title to the quarter-acre after they had warranted to the Coopers that they were lawfully seized of the entire half quarter section of which the quarter-acre was part. In the well-considered opinion in *McAdams* v. *Bailey et al.* (1907), 169 Ind. 518, 523, 525, 82 N. E. 1057, 1059, 1060, this court quoted with approval the following language: " 'When a purchaser obtains title by deed without covenants, he of course takes it subject to all defects and encumbrances it may be under at the time of the conveyance. But where a person insists upon and obtains covenants for title, he has the right, when obtained, to rely upon them and enforce their performance or recover damages for their breach. The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injury sustained by their breach. Nor

is it a release or discharge of the covenant to say that both parties knew it was not true or that it would not be performed when it was made.' " It is said in the opinion that: "The fruit and effect of a warranty in a deed is that it concludes the warrantor, so that all present and future rights that he has or may have in the land, are thereby extinct." In 8 R. C. L. § 110, p. 1058, it is said: "As a general rule, when a person conveys land in which he has no interest at the time, but afterwards acquires a title to the same land, he will not be permitted to claim in opposition to his deed, from the grantee, or any person claiming title from the grantee. And where a vendor undertakes to sell a full title for a valuable consideration, when he has less than a fee simple, but afterward acquires the fee, he holds it in trust for his vendee, and will be decreed to convey it to his use. One view is that a conveyance before the grantor has acquired the title operates as an agreement to convey, which, when the title has been subsequently acquired, may be enforced in chancery. Another is that irrespective of courts of equity, it has always been possible to convey subsequently acquired interests by the operation of the principles of estoppel." The opinion of this court last referred to recognizes and approves the principles announced in the last quotation. To the same effect, see *Shumaker* v. *Johnson* (1871), 35 Ind. 33.

To sustain their position, the appellees have called our attention to *Paul* v. *Connersville & Newcastle Junction R. Co. et al.* (1876), 51 Ind. 527, 531; *Higbee* v. *Rodeman* (1891), 129 Ind. 244, 247, 28 N. E. 442, 443; and *Fall Creek School Tp.* v. *Shuman* (1913), 55 Ind. App. 232, 103 N. E. 677. In the first case the action was against a railroad company, which claimed to be holding under a grant, by one who had subsequently acquired title to the tract. It was held that if there had

been a breach of a condition subsequent in the deed from the original grantor it could not be taken advantage of by Paul, the grantee, but only by the original grantor. It is said, however: "We decide nothing as to the rights of the vendee against his vendor under covenants of seisin or warranty, as such covenants could not affect the outstanding rights in the railroad track." In the second case it was held that there was no condition subsequent, and further that the second deed, under which the plaintiff claimed title, expressly excepted the lot in controversy. It is then said by way of dictum: "If the deed to the township contained a condition subsequent, which it does not, and the deed from Dunn to the appellant no exception, the property would revert, upon condition broken, to the grantor or his heirs. The right of entry, or re-entry, can not be granted over, and none but the grantor, or his heirs, can take advantage of them. *Paul* v. *Connersville, etc., R. R. Co.,* 51 Ind. 527, and cases cited." In the third case it was held that there was no condition subsequent in the original deed, and what is said upon the effect of a breach of such a condition is dictum. But none of the cases are applicable to the situation in the case at bar.

If it be granted that, upon a breach of a condition subsequent, the right of re-entry is in the original grantors and their heirs, and that that right of re-entry did not pass to the Coopers or those holding under them, and that the Coopers and those holding under them might not have re-entered, we are still confronted with the fact that the heirs of the original grantors did re-enter under a deed which they claimed contained a condition subsequent which was broken, and that they contend that they thus acquired title. If they so acquired title it is an after-acquired title to part of the land warranted to the

Coopers and those holding under them by their ancestors, and, as pointed out above, they are estopped from denying that the Coopers took title to the entire tract under the warranty deed from their ancestors.

What has been said seems to go to the merits of the entire law suit, and it is contended that, upon an appeal from an interlocutory order appointing a receiver, this court will not consider the pleadings or the merits. But the court will not ignore the law applicable to the undisputed facts merely because a decision of the questions may involve the identical questions which would be decided by the trial court in passing upon the merits of the case. It is perfectly clear from the ruling of the trial court upon the demurrers to the appellants' answers that it was based upon the conclusion that the plaintiffs might successfully assert title to the land in question by reason of their re-entry because of a breach of a condition subsequent, notwithstanding the warranties in the deed from their ancestors to the Coopers, and it is abundantly clear that if the trial court had reached the conclusion at which this court has arrived, the receiver would not have been appointed, since, under such a view of the law and the obvious facts, the plaintiffs could not possibly recover.

It is true that in an interlocutory appeal from an order appointing a receiver this court is not concerned with the question of whether the complaint is sufficient to withstand demurrer. It is only interested in the sufficiency of the facts to sustain the appointment. But the court need not ignore the pleadings and the rulings thereon when an examination of them discloses that finally it must be held that the plaintiff is entitled to no relief whatever.

Judgment reversed, with instructions to set aside the order appointing the receiver, and to require the receiver to report, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 31 N. E. (2d) 634.