**Charles David KELLY, Appellant–Defendant,**

v.

**NATIONAL ATTORNEYS TITLE ASSURANCE FUND, Appellee–Plaintiff.**

No. 69A04–1104–CT–215.

Court of Appeals of Indiana.

Sept. 13, 2011.

Franklin W. Arkenberg, Milan, IN, Attorney for Appellant.

Gregory A. Kahre, Evansville, IN, Henry A. Pictor, Batesville, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Charles David Kelly appeals the trial court's grant of summary judgment in favor of National Attorneys Title Assurance Fund ("National"). Kelly raises two issues for our review, but we address only the following dispositive issue: whether Kelly breached his seller's warranty when he conveyed title to real property that was encumbered by a federal tax lien. We hold that the undisputed facts support the entry of summary judgment for National and, as such, we affirm the trial court's judgment.

### FACTS AND PROCEDURAL HISTORY

The following facts are undisputed. In 1990, Kelly sold his 98% ownership interest in Kelly Oil Company ("Kelly Oil") to his children, Crystal Getty and Christopher Kelly, for $1.5 million. On November 11, 2002, the IRS made assessments against Kelly Oil for unpaid taxes over various tax periods. On February 19, 2004, Kelly Oil issued a corporate warranty deed to Kelly for six parcels of real property, including the property at issue in this appeal. The corporate warranty deed was recorded on February 24.

On September 17, 2004, the federal tax liens were recorded in Ripley and Dearborn counties and encumbered the six parcels of real property conveyed from Kelly Oil to Kelly. On February 6, 2006, the United States sought an order to foreclose on its liens. Thereafter, on February 23, the United States filed a notice of *lis pendens* in the Ripley Superior Court.

On April 13, eighteen days after the notice of *lis pendens,* Kelly conveyed the subject real property to Ronald and Linda Gray by way of a warranty deed. The deed did not disclose a federal lien that encumbered the property. Attached to the warranty deed was a seller's affidavit, in which Kelly stated as follows:

3. Sellers and their predecessors in title have been in actual, open, notorious, exclusive, adverse, undisputed, and continuous possession of this real estate for a[t] least ten years.

\* \* \*

10. This real estate, including the improvements, crops, and fixtures thereon, is not now subject to any mortgage, judgment, or other encumbrance, fixture lien, real estate lien, financing statement, conditional sales contract, agricultural, mineral or other lease, or other security instrument, except as disclosed in the proposed deed, or except such as will be paid in full as part of this sale of real estate.

\* \* \*

19. There are no judgments, orders, decrees, attachments, or suits pending in any State or federal Court against Sellers, or any State or Federal tax lien or claim against the[m], which are or may become liens against the land; ... and the proposed deed is not made for the purpose of hindering, delaying or defrauding any creditor.

Appellant's App. at 20–22. On April 17, National issued its policy of title insurance to the Grays. In its title search, National did not find the *lis pendens* notice or the recorded federal tax lien.

Thereafter, the Grays learned of the United States' action to foreclose on the real property. They agreed to pay the United States $11,667, in exchange for

which the United States released its lien on their property. National then reimbursed the Grays for that amount and filed suit, as subrogee of the Grays, against Kelly for breach of warranty. On June 17, 2009, National moved for summary judgment, which the trial court granted. This appeal ensued.

## DISCUSSION AND DECISION

Our standard of review for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Tom–Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Tom–Wat Inc.*, 741 N.E.2d at 346. Also, review of a summary judgment motion is limited to those materials designated to the trial court. *Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001).

 National has brought suit against Kelly on a claim of breach of warranty. As our supreme court has long recognized:

> When a purchaser obtains title by deed without covenants, he of course takes it subject to all defects and incumbrances it may be under at the time of the conveyance. But if he insist[s] upon and obtain[s] covenants for title, he has the right, when obtained, to rely upon them and enforce their performance, or recover damages for their breach. The vendor is not compelled to make covenants when he sells land, but having done so,

he must keep them, or respond in damages for injury sustained by their breach.

*Hughes v. Fifer*, 218 Ind. 198, 204, 31 N.E.2d 634, 636 (1941) (quotation omitted). Among the covenants conveyed by a seller's warranty are the following:

> A conveyance in fee simple ... includes a covenant from the grantor for the grantor and the grantor's heirs and personal representatives that the grantor:
>
> (1) is lawfully seized of the premises;
>
> (2) has good right to convey the premises;
>
> (3) guarantees the quiet possession of the premises;
>
> (4) *guarantees that the premises are free from all encumbrances;* and
>
> (5) will warrant and defend the title to the premises against all lawful claims.

Ind.Code § 32–17–1–2(b) (emphasis added). "Each one of these covenants is contained in the general warranty, the same as if they had been separately written in the deed." *Dehority v. Wright*, 101 Ind. 382, 384 (1885).

Thus, to establish a claim for breach of warranty on these facts, National needed to show: (1) a seller's warranty from Kelly to the Grays; (2) the amount paid by the Grays to extinguish an encumbrance; and (3) the existence of that encumbrance on the real estate closing date.[1] *See Ticor Title Ins. Co. v. Graham*, 576 N.E.2d 1332, 1335 (Ind.Ct.App.1991), *trans. denied.* Kelly does not dispute that he issued a seller's warranty to the Grays or that the Grays paid $11,667 to extinguish the federal tax lien.

---

1. In its brief, National argues in the alternative that Kelly breached his warranty of good right to convey the premises, his guarantee of the quiet possession of the premises, and his warranty to defend the title to the premises against all lawful claims. Although those arguments are all well taken, we need not address them given our holding that Kelly failed to convey title free of all encumbrances.

Rather, Kelly's only argument on appeal focuses on whether the real estate was encumbered by the tax lien as of the closing date with the Grays. Specifically, Kelly contends that the trial court erred in granting summary judgment to National because there is a genuine issue of material fact as to whether the federal tax lien timely attached to the subject real property. As Kelly summarizes his own argument: "[Kelly] acquired title to the real estate in question from Kelly Oil on February 19, 2004. The notices of federal tax liens against [Kelly Oil] were not [recorded] until September 17, 2004. Clearly the notices were not timely [recorded] with respect to the conveyances by Kelly Oil to [Kelly]." Appellant's Br. at 6 (citations to the record omitted). Thus, Kelly's entire argument on appeal is premised on his theory that the federal tax liens did not attach to the real property until they were recorded in September of 2004 and, as such, they did not survive the transfer of title. Kelly's theory is incorrect.

The United States Code declares that a tax lien attaches to all property of the liable person at the time of the assessment, not at the time the lien is recorded. Specifically, the Code states:

§ 6321. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

§ 6322. Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. §§ 6321, 6322. Further, it is well established that a federal tax lien "continues to attach to a taxpayer's property regardless of any subsequent transfer of the property." *United States v. Donahue Indus., Inc.,* 905 F.2d 1325, 1330–31 (9th Cir.1990) (citing *United States v. Bess,* 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958)); *see also United States v. Big Value Supermarkets, Inc.* 898 F.2d 493, 497 (6th Cir.1990). The Treasury's regulations provide likewise: "Property subject to a Federal tax lien which has been sold or otherwise transferred by the taxpayer may be seized while in the hands of the transferee or any subsequent transferee." 26 C.F.R. § 301.6331–1(a)(1).

It is true that, for subsequent purchasers of title to real property, "[t]he lien imposed by section 6321 shall not be valid ... until notice thereof" is filed according to local law. 26 U.S.C. § 6323. But § 6323 only means that the federal government's liens lack priority over an earlier recorded lien. *See United States v. Estate of Romani,* 523 U.S. 517, 521–24, 118 S.Ct. 1478, 140 L.Ed.2d 710 (1998). It does not mean that the lien never attached to the real property. Accordingly, Kelly's reliance on section 6323 is misplaced.

The existence of the lien is also contrary to Kelly's representations in his seller's affidavit. As noted above, in that document Kelly represented to the Grays that there were no liens "except as disclosed in the proposed deed." Appellant's App. at 21. Kelly's affidavit also states that there are no "State or Federal tax lien[s] or claim[s] against [him or Kelly Oil], which are ... liens against the land...." *Id.* at 22.

■ From the moment the tax assessments were made on November 11, 2002, the real property in question became encumbered. *See* 26 U.S.C. §§ 6321, 6322. It is a breach of warranty to convey title that is not free from all encumbrances. *See* I.C. § 32–17–1–2(b)(4); *Ticor,* 576

N.E.2d at 1335. Accordingly, the undisputed facts show Kelly breached his warranty to convey unencumbered title to the Grays, and National is entitled to judgment as a matter of law.

Affirmed.

RILEY, J., and MAY, J., concur.